RUSHMORE and another, Receivers, *v.* MILLER, GRACIE and others.

A surety of a mortgage is not entitled to any notice or demand before making him a party with a view to fix him.

*July* 6,
1843.

*Pleading.*
*Mortga-*
*gor and*
*Mortga-*
*gee.*

BILL to foreclose a mortgage. The defendant, William R. Gracie, was the mortgagee, but he had assigned the mortgage, with a guarantee. He demurred to the bill. His counsel, Mr. *Rockwell*, took the ground that the bill did not allege that the amount due on the mortgage had ever been demanded of the mortgagor before suit brought, nor was any excuse shown upon the face of the pleading for not having demanded it; and he referred to *The Mechanics' Fire Ins. Company* v. *Ogden*, 1 Wendell's R. 137; *Morris* v. *Wadsworth*, 11 Ib. 100.

Mr. *D. S. Jones* contended that the doctrine in *The Mechanics' Fire Insurance Company* v. *Ogden* was not law; that Chief Justice Savage there referred to a case (*Bank of New York* v. *Livingston*, 2 J. C. 409) which did not support his honor's views; and that the case of *Douglass* v.

*Howland,* 24 Wend. 35,(*a*) contained the true doctrine and upset the demurrer.

Mr. *Rockwell,* in reply. The case of *Morris* v. *Wadsworth* recognizes that of *The Mechanics' Fire Insurance Company* v. *Ogden ;* and the doctrine in *Douglass* v. *Howland,* only decides that notice to the surety is unnecessary and does not show that a demand can be dispensed with.

THE VICE-CHANCELLOR decided that a surety, in such a case as the above, could not claim notice or a demand; and might be introduced as a defendant to fix him for any deficiency, without it.(*b*)

(*a*) See this case of *Douglass* v. *Howland* commented upon and explained in 4 Hill's N. Y. Rep. 119 ; see also same vol. at p. 522, the case of *Jackson* v. *Griswold.*

(*b*) Although the late case of *Gillett* v. *Balcom,* 6 Barb. S. C. Rep. 370 has reference to a mortgage made on demand, yet it may be well to refer the reader to it.