## SKINNER vs. BARNEY ET ALS.

1. A court of equity will not interfere at the suit of one of the defend-
ants in a judgment at law, to compel the plaintiff to collect his judg-
ment out of another. defendant, who by agreement with his co-de-
fendant had bound himself to pay it.

2. Relief will not be decreed to a complainant upon the case establish-
ed by the answers and evidence, when it is directly opposed to the
allegations of his bill.

APPEAL from the Chancery Court at Mobile. Tried before
the Hon. J. W. Lesesne.

JONES & STEWART, for appellant:

It is said equity cannot give relief in such a case as this. If
this be so, it is very ineffectual to suppress fraud. This is a
fraudulent device of Barney.—1 Story's Eq., § 186-87-88-90:.

Equity has jurisdiction to apply a remedy where a creditor's
judgment is satisfied and it is attempted to be set up against the
debtor.—2 Story's Eq., §876, 886, 877. Equity gives relief
in all such cases.—Ib. § 903, 861, 862, 906, 907, 874, 872; 9
Ala. 463. Equity will not restrict itself by enumerating the
cases where it will take jurisdiction to suppress fraud.—2 Ala.
572.

Where a contract is made, it must not only be in good faith
between the parties, but must not be *mala fide* as to others.—
Story's Eq., 333.

The principle that where a creditor has two funds or means of
payment, equity will compel him to resort to the one which will
save another from loss, is too clear and familiar to need authori-
ty. It is fully recognized by this court as well as all others.

It is said equity will not interfere between a creditor and a
surety, but will leave the creditor without control. This ques-
tion, as a single naked question, it is not necessary to consider;
there are here other equitable grounds and circumstances. Here
is necessary loss to Skinner; here is fraud, contrivance, bad
faith and violation of covenant.

Besides, if that argument could apply to the State Bank, it
does not apply to Fuller.

The State Bank was guilty of no collusion. The State Bank
was voluntarily constituted creditor of Skinner, Skinner hav-

ing confidence in its good faith, and would only ask to be restored to the condition of creditor of the State Bank.

But here Fuller, by his own act, constitutes himself creditor of Skinner by an act of an unusual nature, and afterwards set himself up in the character of an arbiter between Barney and Skinner, knowing that it will defraud Skinner, and without necessity so far as his objects and necessities require. He cannot claim the position of a fair or honest creditor, and has no claim which equity will look to.

Barney, by his own conduct and his acts, has chosen to consider the payment by him made to the bank as payment of Skinner's share of the debt, for he charged him with it in account, and assumed that position in settling with Skinner, and elected to consider the remainder yet due as his own debt. This he had a right to do as between the parties. Barney is in the condition, therefore, of principal debtor as to the balance, and it is his own debt. Fuller is in the same condition, for his contract was to pay the money and give time to Barney. Barney was in his contract the party to pay. The fact clearly appears in the proof and in his own answer.

The gross evasion of the answer, in answering what nobody charged, and in wholly failing to answer what was charged, and in seeking to evade the force, true meaning and object of his agreement, sufficiently shows the position he occupies towards Skinner, and that alone is strong evidence of fraud, and that he has no standing in a court of equity, and should have none.

As to Fuller, he, in reality, has no interest in the question. He is safe, at all events, and is precisely where he expected to be, independently of Skinner.

To allow these parties to carry out their scheme, would be to give them the aid of equity as an auxiliary to fraud.

JNO. A. CAMPBELL, contra :

We insist that no relief can be granted, because the allegations of the bill are contradicted by the answers and are not sustained by the proof.—Reavis' Dig. 263; 13 Ala. 681; 7 How. S. C. R. 137.

The rights of Fuller being those of a creditor, a debt in which the parties were jointly and equally bound at the time of the contract, in which there were no relations of principal and surety,

the arrangements made by Barney and Skinner could have no operation on these claims of Fuller, nor will the court interfere to control the rights of the creditor.—3 Ala. 728; 1 Gill & J. 346; 2 Barb. 484; 6 Vesey 714.

COLEMAN, J.—The complainant's bill in this case alleges in substance that in November, 1845, the Branch of the Bank of the State of Alabama recovered two judgments, one against the complainant, and the other against the defendant Barney and one W. C. Stanley, on a note made by complainant and Barney as principals, and said Stanley as their surety; that by an agreement made between said Skinner and Barney on the 27th March, 1846, Barney undertook, for a valuable consideration, to pay said judgments.

The bill alleges that Barney paid the amount due on the judgment to the bank, but in so doing he resorted to an artifice, the object of which was to violate his agreement and compel the complainant to pay the judgment; that he caused an assignment of the judgment to the defendant Fuller, the broker from whom he borrowed the money to pay it; that Barney agreed with Fuller that he should lend Barney the money necessary to pay the judgment, which loan was to be repaid, with such rate of interest or commission as they agreed on, at a certain deferred period; that Barney induced Fuller to procure a transfer of the judgments, apparently as security to himself, and as a purchase as to complainant, but that in reality it was a payment of the judgment to the bank, made by the procurement and for the use of Barney; that Fuller holds said transfer for the use of, and under the control of Barney, and uses the judgment against complainant as Barney directs, and that they were then pressing the complainant with an execution issued on the judgment. The complainant asks specifically that the judgment be decreed to be satisfied and perpetually enjoined, and for general relief, &c.

Barney controverts the alleged undertaking on his part to pay said judgment, and the answers of Barney and Fuller fully deny all the complainant's allegations as to the payment of the judgment, or that the transaction with the bank was other than a purchase by Fuller, in good faith, of the judgments. In these denials the answers are responsive to the bill, are sustained by the testimony of Lewis, and not impaired by that of Wilson.

Upon a consideration of the whole case we are constrained to come to the conclusion that Fuller is the *bona fide* purchaser and owner of the judgments.

This view of the case makes it unnecessary to examine and decide whether Barney was bound by agreement to pay the judgment, as alleged in the bill. Admitting that Barney was so bound, can a court of equity be asked to interfere with the rights of Fuller as a creditor, and control him in the mode of collecting his judgment? We have been unable to find any authority for such an interference. Even in the case of a proper suretyship, the general rule is, that a court of chancery will not compel a creditor to proceed against the principal debtor before he resorts to the surety.—3 Ala. 728; 6 Ves. 714. The bill in this case was evidently not framed for such a purpose. The relief sought for in the bill is based on the allegation that Fuller *is not* the owner of the judgment, and relief cannot now be given, necessarily founded on the fact that Fuller *is* the owner of the judgment. The principle is well settled that relief can only be granted on a state of facts substantially corresponding with the allegations of the bill.—Reavis' Dig. 263, and the cases there cited; 13 Ala. 681. The relief asked against Fuller in the character of a judgment creditor of Skinner and Barney is based on a fact directly opposed to the allegations of the bill.

Let the decree be affirmed.

DARGAN, C. J., not sitting.