ALLEN E. FORRESTER, JAMES AIREY and EZEKIEL
SCARBOROUGH *vs*. STATE OF MARYLAND, use of
JOSEPH S. KERNAN.

*Action on trustee's bond—Principal and surety—Hearsay and
irrelevant Evidence—Presumption on appeal—Estoppel—
Guardian and Ward.*

An action was brought in March, 1874, by the State, for the use of K., on a
trustee's bond to recover the balance of a sum of money arising from a
trustee's sale made by F., and audited to K. then a minor. The sureties
filed several pleas, on demurrer to one of which, it was HELD:

1st. That K. was under no legal obligation to inform the sureties that F. had
become embarrassed, or that he had invested K's money, or that K. had
declined to accept such investment.

2nd. That it was the duty of the sureties to make inquiries, and to see that
their principal discharged the obligation resting upon him, whether he was
then solvent or insolvent.

Evidence was offered by the defendants in said action, consisting of declara-
tions of S., not a party to the suit, without any evidence having been pre-
viously introduced, and without any offer to follow it up with evidence to
show that he was K's attorney, or agent, or in any manner authorized by
him to make such statements or declarations. HELD :

That the statements thus sought to be introduced, consisted of hearsay simply,
and were properly excluded from the jury.

Where the record fails to show that evidence was admitted subject to excep-
tion, and it does not appear that the Court below passed upon a motion
made to exclude the same, and there is no exception in the record with
respect to the matter, it must be presumed by this Court that the evidence
was admitted without objection.

Case of evidence excluded as having no relevancy to the issue before the jury.

HELD further in the above action:

1st. That when the auditor's account was ratified, F. as trustee became liable
to pay on notice thereof and demand, and K. entitled to receive the sum
of money audited to the latter.

2nd. That until the money due K. was either paid to him, or invested according to his directions, F's sureties remained liable to K. on the bond.

F. and his wife made a deed to K. of certain property on Hoffman street, which was absolute on its face. The deed was executed and recorded without K. having been consulted with respect to it, and without any knowledge on his part of its having been done until some time afterwards, and after F. was shown to have been in very embarrassed circumstances. That property was subsequently sold under a mortgage, and K. applied by petition to the Court having the distribution of the proceeds of sale, to have the balance of the purchase money after the payment of the mortgage debts, applied to the payment of his debt, which was accordingly done. His petition did not state whether he had accepted the deed in satisfaction of his debt or as collateral security for its payment. HELD:

1st. That K. was not estopped from denying in the present action, that he accepted the deed of the property in satisfaction of his debt, or showing that he accepted it only as security for his payment.

2nd. That the use that K. made of the deed upon his petition to have the surplus of the property thereby conveyed, applied to the payment of his claim against the trustee, was perfectly consistent with the fact that he had accepted it as collateral security for its payment; and such acceptance in no manner affected or altered the liability of the sureties on the bond.

HELD further:

1st. That the guardian of K. during his minority had no right, without authority from the Orphans' Court for that purpose, to invest her ward's money, and certainly none to confer such right upon the trustee.

2nd. That even if the trustee had received such authority from K. himself after he was of full age, neither the trustee nor his sureties would be released from their liability on the bond, unless the authority to invest had been executed in good faith for the benefit of K.

APPEAL from the Superior Court of Baltimore City.

The case is sufficiently stated in the opinion of the Court.

The jury rendered a verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*Sebastian Brown*, for the appellants.

The bondsmen at least, are not liable in this action. Because the guardian of Kernan, while he was a minor, and himself, after he became of age, authorized and permitted Forrester to invest the money due Kernan.

When the auditor's account was ratified, the money became due and payable by Forrester, trustee, to the guardian of Kernan. Up to that time she had no authority or control over the funds. Forrester had no authority under the audit but to pay the money. When she directed him to invest the money, she asserted her control over it, and by that act the fund was passed from Forrester, trustee, to Forrester, attorney, just as effectually as if the money had passed and re-passed between him and the guardian. The dealings between the guardian, and Kernan himself, and the trustee, were adverse to the interests of the sureties. When Kernan became of age, in June, 1871, Forrester had been authorized for nearly two years by the guardian to invest the money, and Kernan then also authorizes him to invest, which authority extends apparently for two or three years. Whatever dealings with the principal which might by *possibility* vary the sureties' liabilities discharges them. *Mayhew vs. Boyd*, 5 *Md.*, 110.

And the sureties are discharged even though they are benefited by such dealings. *Obendorff, Trustee vs. Union Bank of Baltimore*, 31 *Md.*, 130–131; see also, *Hayes vs. Babbitt*, 34 *Md.*, 516; *O'Hara vs. Shepherd*, 3 *Md. Chan.*, 312; *Burnet vs. Courts*, 5 *H. & J.*, 78; *Nesbit vs. Smith*, 2 *Brown's Chan.*, mar. 583; 1 *Story's Eq. Juris.*, sec. 325; *McCullough vs. Franklin Coal Co.*, 21 *Md.*, 256.

On January 11th, 1873, a deed from Forrester and wife to Kernan of property on Garden street was recorded in the clerk's office of the Superior Court of Baltimore City. The deed is absolute on its face and contains a covenant of special warranty. The property at the time was subject

·to two mortgages, one of which was on it when Forrester purchased the property, and the other was put on it by Forrester and wife. These mortgages are not recited in the deed. Kernan claims that he knew nothing of the deed until some time after it had been recorded, and that when brought to his notice he accepted it only as collateral security. Forrester claims that the deed was given in absolute payment.

The property covered by this deed was sold under the first mortgage by a decree of the Circuit Court of Baltimore City, passed in the case of *Brown, et al. vs. Craig, et al.* Kernan filed a petition in this cause claiming to be the owner and purchaser of the property, and asking that the balance of the proceeds be paid to him, as such owner and purchaser, which was done.

Now we hold that if Kernan accepted this deed after it was made and put upon the record, without any previous arrangement or understanding between him and Forrester as to the character of the conveyance, the terms of the deed must be explained by the deed itself, and this is more especially true, when to permit its character to be changed by parol testimony, innocent parties must suffer.

Because a man cannot receive a benefit under a deed and then claim that the deed is different from what its face discloses. *Lanahan vs. Latrobe*, 7 *Md.*, 268.

The instrument must explain itself except as to the amount of consideration. *Cole vs. Albers, et al.*, 1 *Gill*, 412; *Baxter and Wife vs. Sewell*, 3 *Md.*, 334; *Hutchins, et al. vs. Dixon*, 11 *Md.*, 29.

The deed having been accepted, then if any loss was sustained by Kernan he had his action on the covenant of special warranty. When a deed is taken with special warranty, the only action is then on this covenant. Though Forrester may have said the property was free from incumbrance, still if sued on the warranty, he might have a good defence. *Timms and Wife vs. Shannon*, 19 *Md.*, 316; *Middlekauf vs. Barrick*, 4 *Gill*, 290.

Kernan having by his petition claimed to be the owner and purchaser of the property, he is estopped from claiming that he accepted it as collateral security. All of the testimony offered by him, therefore, for the purpose of proving that it was accepted as collateral security, should have been excluded and the motion of defendants (incorrectly incorporated in his ninth prayer,) should have been granted. It makes no difference that this petition was signed only by the attorneys for Kernan; he is bound by the acts of his attorneys. *Henck vs. Todhunter,* 7 *H. & J.,* 275 ; *Bethel Church vs. Carmack,* 2 *Md. Chan.,* 143.

*Henry C. Kennard* and *John H. Thomas,* for the appellee.

Kernan was under no obligation to inform Forrester's sureties, Airey and Scarborough, that Forrester became embarrassed, in the fall of 1872, and assumed to invest his, Kernan's money, in Forrester's own property, on his, Forrester's, own terms, and that Kernan had declined to accept said investment. The debt had been due since September, 1869, Forrester had been already in default for three years. His sureties had, for that length of time, been under the obligation to make him perform his duty, or themselves to make good his default. The averments of the appellants' seventh plea would therefore, even if they had been true, have constituted no defence, and the Court rightfully sustained the demurrer thereto.

What Forrester is alleged, to have told his sureties, for the purpose of allaying their apprehensions, in the absence of Kernan, was not admissible against Kernan. There was no proof, nor the offer of any, except Forrester's statement, that Shipley ever was Kernan's attorney. Shipley himself testified that he never was. There was no testimony to the contrary. But even if the proposed testimony of Scarborough and Airey had been accompanied with an offer thereafter to prove that Shipley was, at the time referred to, the attorney of Kernan, it would

still have been proper to exclude evidence of what he had said or done *until* proof .that he was such attorney had been *first* given. *Marshall vs. Haney,* 4 *Md.,* 498 ; *Atwell vs. Miller,* 11 *Md.,* 348 ; *Rosenstock vs. Tormey,* 32 *Md.,* 182.

Even if he had been the attorney of Kernan, and there had been legal proof of that fact, his declarations, under the circumstances assumed, not in the discharge of his duty, would not have been admissible against Kernan.

The accounts between Mrs. Willoughby, *individually,* and other persons, were properly excluded. The guardian of Kernan could not herself, without the authority of the Orphans' Court, have invested his money, otherwise than at her own risk. She had no power to authorize Forrester to make any investment of it. Even if she had given him express authority to invest it, that would have been no defence as against Kernan.

Still less would the fact that she had allowed him to *retain* it for investment, or, that she had directed him to *keep* it in some safe place until he should come of age, be any defence to a suit for not paying it after the ward had attained his majority.

The acceptance by Kernan of the deed from Forrester and wife to him did not exonerate the appellants from their liabilities for the balance of the money due to Kernan, although such balance may have been the consideration for said deed. Such balance *was* the consideration for said deed, whether said deed was taken as payment of it, or as collateral security therefor. Taking it as collateral security, unaccompanied by any agreement for an extension of time, or by any other agreement whatever, except the implied one to give credit for what might be realized from the property, could not possibly have prejudiced the sureties, nor can it avail as a defence. *Brengle vs. Bushey,* 40 *Md.,* 141-7.

The actual agreement under which it was accepted could have been proven, even as between the parties to it.

*Baugher vs. Merryman,* 32 *Md.,* 186, 191; *Russell vs. Southard,* 12 *Howard,* 139, 147.

The rules which exclude parol testimony to contradict or explain written instruments is only applicable as between the parties to such instruments. Scarborough and Airy could have given parol testimony to explain or even contradict a deed to which Forrester and Kernan only were parties. Such testimony being admissible in their favor, is equally so as against them. *Barreda vs. Silsbee,* 21 *Howard,* 169; *Planters' Ins. Co. vs. Deford,* 38 *Md.,* 396-7.

GRASON, J., delivered the opinion of the Court.

This suit was instituted on a trustee's bond to recover the balance of a sum of money arising from a trustee's sale made by Forrester, and audited to the appellee, then a minor.

The sureties filed nine pleas, the seventh of which was demurred to, and the demurrer was sustained, and the first question presented in the case is whether the ruling in this respect was correct or not. The plea alleged that without their knowledge, but to the knowledge of Kernan, Forrester became embarrassed pecuniarily in the fall of 1872, and that Kernan, thus knowing Forrester to be embarrassed, asked him what investment he had made of the money of said Kernan, and was told that he had invested it, or part of it, in property on Hoffman street, and that Kernan declined to accept the same, but did not then, or afterwards, inform the defendants either that Forrester was pecuniarily embarrassed, or that such investment had been made by him, and that by reason of such information not having been imparted to them, they had lost the opportunity of securing themselves against any loss they might sustain on account of their suretyship on the bond mentioned in the declaration, and protest that at that time, their liability on the bond ceased.

Kernan was under no legal obligation to inform them that Forrester had become embarrassed in the fall of 1872, or that he had invested Kernan's money as before stated, or that Kernan had declined to accept such investment. It became Forrester's duty to pay over the money as early as 1869, and he had been in default from that time. It was the duty of his sureties to make inquiries, and see to it that their principal discharged the obligation resting upon him, whether he was then solvent or insolvent. Therefore, even if the facts alleged in the seventh plea were all true, as they are admitted to be by the demurrer, they furnish no legal defence to the plaintiff's recovery, and the demurrer was properly sustained. The evidence set out in the first exception, was clearly inadmissible. It consisted of declarations of Shipley, not a party to this suit, without any evidence having been previously introduced, and without any offer to follow it up with evidence to shew that he was Kernan's attorney or agent, or in any manner authorized by him to make such statements or declarations. The statements thus sought to be introduced consisted of hearsay simply, and were properly excluded from the jury.

The defendants filed a motion to have withdrawn from the jury evidence offered by the plaintiff, to prove that the deed from Forrester and wife to Kernan, of the Garden street property, was given as collateral security for the debt due the latter, said evidence, as they allege, having been received subject to exception and being inadmissible. The record nowhere shows that such evidence was admitted subject to exception, nor does it appear that the Superior Court passed upon the motion, nor is there any exception in the record with respect to this matter, and we must therefore presume that the evidence was admitted without objection from the defendants.

The second exception is taken to the granting of the plaintiff's two prayers, and to the refusal to grant all the

prayers of the defendants, except the sixth, which was granted.

The plaintiff's second prayer asked the Court to exclude from the consideration of the jury all the evidence which had been admitted, subject to exception, to show the state of accounts between Forrester and Mrs. Willoughby individually, and Shipley. The accounts between these parties could have no relevancy to the issue before the jury, as they did not tend to prove what sum, if any, was due by Forrester, trustee, to Kernan, or to prove or disprove the liability of the sureties in the bond to pay the sum for which their principal was in default. They were therefore inadmissible, and were correctly withdrawn from the jury under the plaintiff's second prayer.

When the auditor's account was ratified, Forrester, as trustee, became liable to pay on notice thereof and demand, and Kernan entitled to receive the sum of money audited to the latter. Whether Forrester's sureties would have been released from their liability if Kernan after he came of age, had authorized and directed the trustee to invest the said money for him, and it had been so invested, it is unnecessary now to consider, because it is not contended, nor is there any proof to show that it was so invested. On the contrary, it appears in proof that Forrester invested it in the Hoffman street property, and upon Kernan declining to assent to that investment, he purchased the Garden street property, which was then subject to a mortgage, took the title in his own name and afterwards mortgaged it for his own purposes. Until the money due Kernan was either paid to him, or invested for his benefit according to his directions, Forrester's sureties remained liable to Kernan on the bond. It was contended, however, that as Kernan had received a deed for the Garden street property from Forrester and wife, the consideration for which was stated to be six thousand dollars, and because the deed is absolute upon its face, it must be taken

and held as payment and satisfaction of the debt due by Forrester, trustee, to Kernan, and that the sureties are consequently released. The deed, however, was executed and recorded without Kernan having been consulted with respect to it, and without any knowledge on his part of the fact of its having been done until some time afterwards, and after Forrester is shown to have been in very embarrassed circumstances. When the property was sold under the mortgages, Kernan applied by petition to the Court having the distribution of the proceeds of sale, to have the balance of the purchase money, after the payment of the mortgage debts, applied to the payment of his debts, which was accordingly done. The petition did not state whether he had accepted the deed in satisfaction of his debt or as collateral security for its payment. It was only necessary to show the Court that he held the title to the property, subject to the mortgages, in order to entitle him to receive the surplus proceeds of sale. He is not therefore estopped from now denying that he accepted the deed of the property in satisfaction of his debt, or showing that he accepted it only as security for its payment. The proof shows that he did accept it as collateral security, as he had the legal right to do, and the defendants have no cause to complain that he did so, as it has diminished *pro tanto* their liability on the trustee's bond. The use that Kernan made of the deed upon his petitioning to have the surplus of the proceeds of the property, thereby conveyed, applied to the payment of his claim against the trustee was perfectly consistent with the fact that he had accepted it as collateral security for its payment; and such acceptance in no manner affected or altered the liability of the sureties on the bond. *Brengle vs. Bushey,* 40 *Md.,* 149. They were still liable on the bond for the balance of the debt due by their principal to Kernan, after deducting the payments made to him by the trustee, and the sum realized from the proceeds of the

Garden street property. Mrs. Willoughby, who was the guardian of Kernan during his minority, had no right without authority from the Orphans' Court for that purpose, to invest her ward's money, and certainly none to confer such right on the trustee; and, as we have before said, even if the trustee had received such authority from Kernan himself after he was of full age, neither the trustee nor his sureties would be released from their liability on the bond, unless the authority to invest had been executed in good faith for the benefit of Kernan, which the proof shows has not been done. It follows, therefore, that the appellee's prayers were properly granted, and the appellants' rightly rejected.

*Judgment affirmed.*

(Decided 1st March, 1877.)