# Dampskibsaktieselskabet Habil *et al.* *v.* United States Fidelity & Guaranty Company.

*Bill in Equity by Surety to enjoin the collection of Judgment.*

1.  *Surety; right to enjoin collection of judgment pending suit
    against principal.*—Suit was brought against a surety upon·
    a bond for the faithful performance of a contract entered
    into by the principal with the plaintiff.  The plaintiff obtained
    judgment on which execution was issued.  Subsequently the
    same plaintiff instituted a suit against the principal in the
    bond for the breach of the contract for the performance of
    which the bond was given.  The defendant in the last suit
    interposed defenses by setting up pleas in bar.  Thereupon the
    surety against whom the judgment had been recovered filed a
    bill against the plaintiff to enjoin the collection of the judg-

ment against it, until the final adjudication of the suit by said plaintiff against the principal in the bond, in which bill it was averred that the pleas at bar introduced by the principal were true. There were averred no general grounds of equitable jurisdiction to enjoin the collection of the judgment. *Held*: that the surety could not maintain such a bill to enjoin the collection of the judgment.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellee against the appellant and others. The facts of the case are sufficiently stated in the opinion.

GREGORY L. & H. T. SMITH, for appellant.—The creditor cannot be compelled to exhaust his remedy against the principal debtor before resorting to the surety is settled in the very early history of this State.—*Abercrombie v. Knox, Snodgrass, et als.,* 3 Ala. p. 729; *Bank of the State of Alabama v. Goden & Lowry,* 15 Ala. 616; *Skinner v. Burney,* 19 Ala. 698.

The bond in this case was not merely for the payment of money, but contained collateral conditions and was not, therefore, subject to the conditions of Sections 3884 and 3885 of the Code. These statutes, however, were only declaratory of the common law.—*Herbert & Kyle v. Hobbs & Fennell,* 3 Stewart p. 9. But whether at common law or under the statute the creditor performs his whole duty when he brings suit against the principal after a notice from the surety.—*Hightower v. Ogletree,* 114 Ala. p. 94; *Darby v. Berney National Bank,* 97 Ala. 643. No notice was given in this case, and even where notice is given, it must be specially pleaded.—*Shehan v. Hampton,* 8 Ala. 942.

MITCHELL & TONSMEIRE, *contra.*—"The contract of suretyship has been defined to be a contract whereby one person engages to be answerable for the debt, default or miscarriage of another. It is an obligation accessorial to that of the principal debtor; the debt is due from the principal, and the surety is merely a guarantor for its

payment. A corallary from this definition is that it is of the essence of such a contract that there be a valid obligation of the principal debtor.—*Evans, et al v. Keeland,* 9 Ala. 46; *Johnson, et al, v. Ivey,* (Tenn.) 94 Am. Dec. 206; *The State v. Parker,* 72 Ala. 183. "The release of the principal will release the surety, whether it occurs before or after judgment."—*Anthony v. Capell,* 53 Miss. 352; 24 Ency. Law, 1st Ed. 845.

A surety will be discharged even after a judgment against him by the discharge of the principal because of matters inherent in the transaction.—*Michener v. Springfield Engine & Thresher Co.* (Ind.) 31 L. R. A. 59 The extinguishment of a debt of a principal, *no matter how accomplished,* extinguishes the collateral liability of the surety.—*Bridges v. Blake,* (Ind.) 6 N. E. Rep. 833; 24 Ency. Law, 1st Ed., 819; *Municipality No. 2 v. Groning,* 15 La. Ann. 166; *Merrimac Bank v. Parker,* 24 Mass. 88; *Chapman v. Collins,* 66 Mass. 163.

McCLELLAN, C. J.—It appears from the bill in this case, as amended, that the appellee here was surety upon the bond of Thomas-Bailey Machine Works for the faithful performance of a contract entered into by the principal with the Dampskibsaktieselskabet Habil, a corporation under the laws of the Kingdom of Norway. That corporation on the 19th day of June, 1900, instituted a suit against appellee as surety on the bond and after a contest by the surety, obtained judgment against it for the sum of $2,381.90, and execution had been issued on the judgment. It further appears that on the 12th day of November, 1900, the Habil Company instituted a suit against members of the firm of Thompson-Bailey Machine Works, the principals in the bond, for the breach of the contract for the performance of which the bond was given. The Thompson-Bailey Company had interposed defenses to the suit, among them *non est factum;* the general issue; that the delay in the completion of the contract was due to extra work, and to the stoppage of the work to await inspection by the inspector of the Company; a plea of set-off to the amount of $1,-603,10, and an unauthorized alteration of the contract

by the plaintiffs. The prayer of the bill was for an injunction to prevent the collection of the judgment against appellee, as surety, until the final adjudication of the suit of the Habil Company v. Thompson-Bailey, the principals. On the 14th day of December, 1903, an injunction was issued as prayed. Subsequently a demurrer was sustained to the bill because it did not allege that the defenses interposed by Thompson & Bailey in the suit against them upon the contract, were true. The complainant then "amended by adding thereto the following affidavit" which was an affidavit by Arthur Bailey that the defenses of Thompson & Bailey were true, and that to the best of his knowledge and belief, Thompson & Bailey would be able to maintain them. The defendant moved to dismiss the bill for want of equity, and refiled the demurrers, containing among other grounds the one which had been formerly sustained. From the decree overruling the motion and the demurrer, this appeal is taken.

Independent of statute, the general rule is that the creditor cannot be compelled to exhibit his remedy against the principal before resorting to the surety.— *Skinner v. Barney,* 19 Ala. 698 ;*Bank of the State of Alabama v. Goden & Lowry,* 15 Ala. 616; *Abercrombie v. Knox,* 3 Ala. 729. A request, however, to sue the principal operates to discharge the surety when by the negligence of the creditor the means of recovering the debt has been lost or damage has accrued to the surety. It does not appear from the bill that any request to sue the principal had been made, but if such be the fact, and the complainant has been damaged by the negligence of the creditor, this damage was available as a plea in bar in the action against him.—*Howle v. Edwards,* 97 Ala. 649.

When the surety is sued alone, he may notify the principal to defend the suit, and upon the failure of the principal to idemnify him and defend, the surety, upon paying the judgment against him, may in the absence of fraud, recover the amount paid from the principal, whether the principal was actually liable or not.—*Riley v. Stallworth,* 56 Ala. 481.

[Dampskibsaktieselskabet Habil *et al.* v. United States Fidelity & Guaranty Co.]

The relation of the parties continues, notwithstanding the rendition of the judgment against the surety, and he will be discharged by the same acts after, as before judgment, and where such discharge exists, he may enjoin the collection of the judgment against him.—*Carpenter v. Devon,* 6 Ala. 725.

No fact constituting a discharge of the surety is averred in the bill. The utmost that can be said to aver, is that an action had been instituted by the creditor against the principals; that certain pleas in bar had been interposed by them therein, and that the pleas are true. These facts do not constitute a discharge. In the absence of the general grounds of equitable jurisdiction to enjoin the collection of judgments at law, it cannot be doubted that if no suit had been instituted against the principals, the mere existence of the defenses would not authorize the granting of the injunction of the judgment obtained against the surety. The case would stand upon such averments alone upon a bare right to compel the creditor to exhaust his remedy against the principal before resorting to the surety, a right which has been stated, does not as a general rule exist. The surety in such case would have to show that he was prevented from making the defenses available in the action at law against him, by circumstances not attributable to his neglect nor inattention.—*McGrew v. Tombeckbee Bank,* 5 Porter, 547.

The defences averred are clearly legal, and, while they are meritorious, the bill fails to negative fault upon the part of complainant in failing to make them, and there is an absence of averment of any fraud or any act upon the part of the plaintiff to which its failure to successfully defend can be attributed.

We see no distinction in principle between the hypothetical case of the mere existence of defenses, above stated, and one where they have been incorporated into pleas by the principals in an action against them. Neither would be advisable as a discharge to the surety, and it is only where such discharge exists that the surety can enjoin the collection of a judgment against him as an independent ground of equity jurisdiction.

[Southern Railway Company v. Aldredge & Shelton.]

It follows that the court below erred in sustaining the equity of the bill. The decree must be reversed and a decree will be here entered dismissing the bill for want of equity.

Reversed and rendered.

TYSON, SIMPSON and ANDERSON, J.J., concurring.