# Evans, as Administrator, *v.* Silvey & Co.

*Bill in Equity to Enforce Judgment Lien.*

[DECIDED MAY 30, 1905.]

1. *Partnership; Surviving Partner; Judgment.*—A judgment reciting that it is in favor of a firm composed of the estate of a deceased member, and the named surviving partners, is a valid judgment in favor of the surviving members of the firm, since upon the death of one member the assets of the firm and right to sue vested in the surviving partners, and the averment that the firm was composed of the estate of

[Evans, as Admr. v. Silvey & Co.]

the deceased partner and the survivors, simply describes the capacity in which the survivors sue.

2. *Lien of Recorded Judgment; Abatement; Estates of Deceased Persons.*—The recording of a judgment as provided by the statute creates a lien on property of the defendant therein for ten years, which is not abated by the death of the defendant. But a declaration of insolvency of his estate abates such lien. (ANDERSON, J., *dissenting on last proposition.*)

3. *Liens; Enforcement in Equity.*—Where a valid lien exists, but there is no remedy for the enforcement thereof in a court of law, the court of equity, by virtue of its general jurisdiction over liens and trusts, will take jurisdiction and enforce the lien.

APPEAL from Cleburne Chancery Court.

Heard before Hon. R. B. KELLY.

This bill was filde by D. O. Daugherty, William A. Speer, Jerome Silvey, W. A. Ward, J. R. Little and A. L. Redwine, as individuals and as partners composing the firm of John Silvey & Company, against the administrators and heirs of S. O. Stripling, deceased. The allegaticns were to the effect that, during the life of said Stripling, a judgment was rendered against him in favor of "John Silvey & Co., a firm composed of the estate of John Silvey," and the other named complainants. This judgment was duly recorded in the office of the probate judge of Cleburne county, as required by the statute. The bill also set out real and personal property owned by Stripling at his death, claimed a lien thereon, and sought its enforcement. Demurrers were interposed and motion made to dismiss the bill, on the grounds that the judgment was void, being in favor of the estate of a deceased person, and not in name of any person, and, also, that the death of the defendant in the judgment abated the lien. These demurrers and motion was overruled, whereupon a plea was interposed, setting up that the estate of said Stripling had been regularly and duly declared insolvent, and the lien of the judgment thereby abated. This plea was held insufficient by the lower court. From the action of the lower court in its ruling on the demurrers and the plea, this appeal is taken.

[Evans, as Admr. v. Silvey & Co.]

MATTHEWS & WHITESIDE, for appellant.—The judgment is in the name of a partnership which had been dissolved at the time of the bringing of the suit by the death of John Silvey, and was void for two reasons; first, there was no such partnership at the time the suit was brought; second, said suit was brought in the name of a deceased plaintiff.—*Stewart v. Nichols,* 15 Ala. 225; *Moore v. Easley,* 18 Ala. 619; *Swink v. Snodgrass,* 17 Ala. 653; *Young v. Pickens,* 45 Miss. 553; *Tarlton v. Cox, Ib.* 430; *Jackson v. King,* 82 Ala. 432; *Carlisle v. Watts,* 78 Ala. 486. The insolvency of an estate destroys all liens created by law, and the property of the estate is vested in the administrator of the insolvent estate for *pro rata* distribution to creditors who properly file their claims.—Code, Secs. 298, 305, 316, 318; *Fitzpatrick v. Edgar,* 5 Ala. 503; *Burke v. Jones,* 13 Ala. 167; *Ray v. Thompson,* 43 Ala. 449; *Edwards v. Gibbs,* 11 Ala. 202; *Hurt v. Nave,* 49 Ala. 459.

WHITSON & GRAHAM, for appellant.—The death of a defendant in judgment does not destroy the lien created by recording the judmgent in his lifetime.—*Enslen v. Wheeler,* 98 Ala. 200; *Raisin Fertilizer Co. v. Bell,* 107 Ala. 264; *McDonald v. Morrison,* 50 Ala. 30; *Hullett v. Hood,* 109 Ala. 350. The insolvency of the estate of the defendant in the judgment did not impair the lien created by recording the judgment.—*Enslen v. Wheeler,* 98 Ala. 200. The judgment, as shown, was recovered in the name of John Silvey & Co., a partnership, and the names of the persons set out as composing the firm are descriptive merely. On direct appeal, this might be held error, but now, having gone to trial in the suit where the judgment was rendered without excepting to the form in which it was brought. the defendant cannot raise the point that such suit was improperly brought.—*Simmons v. Tichie,* 102 Ala. 319; *Moore v. Watts,* 81 Ala. 261; *Foreman v. Weil,* 98 Ala. 497; *B. L. & A. Co. v. Bank,* 100 Ala. 251; *Rusenberg v. Claflin,* 95 Ala. 252.

ANDERSON, J.—The defense made to this bill presents but two questions. First, whether or not there was a valid judgment to support the lien? Second, if

[Evans, as Admr. v. Silvey & Co.]

there was, did the lien abate upon the death of the defendant or upon his estate being declared insolvent?

The judgment was a valid one in favor of the surviving partners of the late firm of Silvey & Company, as the estate of the deceased member could be no party plaintiff. Upon the death of one partner, the legal title to the assets and the rights to sue for partnership debts are vested in the surviving partners.—*Costly v. Wilkinson,* 49 Ala. 210. And the averment that the firm was composed of the estate of John Silvey, deceased, simply described the capacity in which the other parties sued, as the estate of a deceased member could not sue.

The recording of the judgment as provided by the statute, sections 1920 to 1923 inclusive, of Code of 1896, as amended by Act 1898-99, 34, gave the complainant a lien on the property of the defendant in the judgment for a period of ten years, and which did not abate upon the death of the defendant.—*Enslen v. Wheeler,* 98 Ala. 200. As was held by this Court in said case, the lien survived the defendant. We see no reason for not holding in this case that it survives the declaration of insolvency of his estate, in so much that ten years had not elapsed from the time of recording the judgment. This statute was not only intended to relieve the owner of judgments from the constant and regular resort to a *fieri facias* in order to keep the lien alive, but made it one for ten years.

The contention of respondent that the lien abated upon the death of defendant, if no execution was in the hands of the sheriff, or upon a declaration of insolvency, is based upon the principle laid down in a line of cases from *Hart v. Nave,* 49 Ala. 459, running back for years, and which have no application to the question involved in this case. For while the statute may be the same now that it was then, with reference to insolvent estates, we then had no such statutes as now exists creating a lien for ten years.

The complainants, having a valid lien but no remedy for the enforcement thereof in a court of law, the court of equity, by virtue of its general jurisdiction over liens and trusts, will take jurisdiction and enforce the lien. *Enslen v. Wheeler, supra; Montandon v. Deas,* 14 Ala.

[Albert F. Wilson v. Ben Meyer, *et al.*]

240; *Westmoreland v. Foster*, 60 Ala. 448; *Bingham v. Vandergrift*, 93 Ala. 283.

My brothers do not agree with me upon the proposition that the lien survives the declaration of insolvency, and think that the chancellor erred in holding the plea insufficient. The decree of the chancellor is reversed and, as the insolvency is shown by the record, a decree is here rendered holding the plea sufficient and dismissing the bill.

Reversed and rendered.

MCCLELLAN, C. J., TYSON, DOWDELL, SIMPSON and DENSON, JJ., concurring.

ANDERSON, J., dissenting.