# Averyt Drug Co., *et al. v.* Ely-Robertson-Barlow Drug Co.

## Bill to Foreclose Lien.

(Decided October 14, 1915.  Rehearing denied November 18, 1915.
69 South. 931.)

1. *Sales; Lien; Foreclosure.*—Where a contract of sale of a stock of goods and fixtures reserved a lien for the purchase price, but provided no method to enforce or foreclose it, a court of equity will take jurisdiction to protect and foreclose the lien by virtue of its general jurisdiction over liens and trusts.

2. *Same.*—The fact that the purchaser had counter claims for breaches of warranty does not deprive a court of equity of jurisdiction nor prevent full and adequate relief to all parties to the contract who are made parties to the bill.

3. *Same; Provisions as to Sale.*—The fact that the purchaser of a stock of goods and fixtures was authorized by the contract of sale to sell the goods, was not inconsistent with the reservation of the lien for the purchase price, where the contract also provided for a special deposit of the proceeds of sale in a bank, and that the lien should attach to such proceeds.

4. *Same; Deficiency Judgment.*—Where the bill was to foreclose a lien for the purchase price of goods, reserved in the contract of sale, a personal decree may be rendered against respondent for any balance of the debt unpaid after the application of the proceeds of the sale of the property subject to the lien, under section 3219, Code 1907.

5. *Equity; Bill; Multifariousness; Parties.*—In a bill to foreclose a lien for the purchase price of a stock of goods and fixtures, the joinder as corespondents of sureties who guarantee performance of the contract by the purchaser did not render the bill objectionable for multifariousness.

6. *Principal and Surety; Action Against Surety; Exhausting Remedies.*—Before proceeding against sureties who guaranteed the performance of the contract by the purchasers of a stock of goods and fixtures, it was not necessary to exhaust all remedies against the principal, in the absence of affirmative action on the part of the sureties.

7. *Same; Demand.*—To hold a surety liable it is not necessary that demand be made upon him before bringing a suit against him.

8. *Same; Duty of Surety.*—Where a surety guarantees the faithful performance of a contract by one of the parties thereto, it is the duty of the surety to make inquiry and ascertain whether the obligation arising under the contract had been discharged by the principal.

9. *Discovery; Ground.*—Where the contract of sale authorized the purchaser to sell the goods and provided for a special deposit of the proceeds of sale in a bank, and that the lien reserved should attach to all proceeds of sale and accounts arising out of sales, and the bill to foreclose the lien alleged that the purchaser had failed to make such deposit, that contrary to the contract it had mingled the goods subject to the lien with other goods and that its officers, agents and employees were the only persons having full and complete knowledge and information as to the property, accounts and moneys in its possession subject to the lien, a discovery was necessary, and was not prejudicial but beneficial to sureties guaranteeing performance of the contract by the purchaser, they having been made parties to the bill.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Ely-Robertson-Barlow Drug Company against the Averyt Drug Company and others, to foreclose a lien, and seeking discovery. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

BEDDOW & OBERDORFER, for appellant.

WHITTAKER & NESBITT, for appellee.

THOMAS, J.—The bill is to foreclose a lien on a certain stock of drugs and fixtures sold by appellee to appellant, and prays other incidental relief. By demurrer it is insisted that there is no equity in the bill, and that there is a misjoinder of parties respondent. The Ely-Robertson-Barlow Drug Company, a corporation,

sold to appellant Averyt Drug Company a certain stock of goods , wares and merchandise, and other personal property incident to the business of a wholesale druggist, in Birmingham, which sale was evidenced by a written contract. The performance of this contract, on the part of appellant Averyt Drug Company, was guaranteed by its subsidiary stores, the Lynwood Drug Company, the Madison Pharmacy Company, and the Collier Drug Company, in the following language: "In consideration of the sum of one dollar ($1.00) in hand paid each of the undersigned, and of the further benefits which will accrue to the undersigned by reason of their participation and interest in the said purchase, the undersigned have jointly and severally agreed with the Ely-Robertson-Barlow Drug Company, that the undersigned, and each of them, will guarantee the performance of the above and foregoing contract by the Averyt Drug Company, together with the payment in full of each and all the notes agreed to be executed and delivered by the said Averyt Drug Company; and that the undersigned and each of them, will, if requested by the Ely-Robertson-Barlow Drug Company, endorse each and all of the notes when executed."

By the sixth paragraph of said contract of sale, a lien for the purchase price is expressly reserved in the following language: "It is further understood and agreed that the party of the first part has a lien upon all the goods which it has sold to the party of the second part, upon all moneys derived from the sale of said goods, and upon all accounts made by the sale of said goods, which said lien shall be prior to and superior to all other claims of any party against said goods, proceeds, or accounts, and that said goods, proceeds and accounts shall remain impressed with the lien of the party of the first

part until the indebtedness represented by the notes herein given shall have been paid and satisfied."

It is provided by paragraph 3 of the supplemental contract that the Averyt Drug Company should deposit all proceeds derived from the sale of the property purchased from the complainant by said contract, in a special account, in the First National Bank of Birmingham, Ala., to be applied by said bank to the payment of the notes described in the said contract as the same should fall due, with the further provision that the amount so deposited should be 20 per cent. of the price at which each item should be sold, provided that no article should be sold at a less price than cost, with 10 per cent. added. The bill avers that the Averyt Drug Company wholly failed to carry out the terms of said provision and has made no deposits whatever with the First National Bank as therein provided, and, further, that said paragraph contained the stipulation that the respondent should keep an accurate and correct charge sheet of each sale made of said goods, and should furnish the complainant a carbon copy of same, and that it has failed to furnish promptly carbon copies of such charge sheets. It is further provided in paragraph 4 of the supplemental contract that the Averyt Drug Company was to keep the goods, wares, and merchandise sold to it by complainant separate and distinct and segregated from any other goods, wares, and merchandise belonging to the respondent, or to any of its subsidiary stores, and so earmarked and labeled as to be distinguishable from its other property. The bill then avers that the complainant did not know, of its own knowledge, whether the respondent had carried out this part of said contract, but that it had been informed that the Averyt Drug Company had commingled the goods, wares, and

merchandise purchased from complainant with goods, wares, and merchandise belonging to it, and had failed to mark said goods with distinguishing marks and labels, as agreed, and upon such knowledge and belief charges that respondent Averyt Drug Company has failed to perform the provisions of said paragraph of said contract. The bill further avers that the Averyt Drug Company has now in its possession the mule, the horse, the two drays, and the harness, and all or a part of the furniture and fixtures sold by complainant to respondent by said contracts and covered by said lien, as above specified, and has, in addition, a certain part of the goods, wares, and merchandise thus sold and delivered by said contracts and covered by said lien as above specified, and has made certain collections from the sales of said goods, wares, and merchandise, and has on its books, certain accounts for sales of said goods, wares, and merchandise which have not been collected, all of which are covered by said contracts and said lien or liens as specified by said contracts and above referred to; that complainant does not know, and has no means of knowing, and cannot ascertain, the exact amount nor the exact articles of said goods, wares, and merchandise, furniture and fixtures, nor the amount of said collections and said accounts, and that said information is entirely within the knowledge and control of respondent Averyt Drug Company, and its officers and employees. Complainant avers further that, as the said four notes aggregating $9,000 are all past due and unpaid, and are due by respondent to complainant, it is entitled to have foreclosed its liens, provided in said supplemental contract, for the purpose of securing payment of the balance of this said indebtedness due. Complainant avers, further, that, because of the nature of

said lien as above specified, complainant is without an adequate remedy at law for the enforcement of said lien, and can secure complete relief only in a court of chancery; that it is entitled to have the amount of its indebtedness, due and owing to it by respondent Averyt Drug Company, ascertained and determined by the court, and to have ascertained and determined the goods, wares, and merchandise and property and money and accounts upon which it has said liens as specified in the contract of sale, and to have said liens enforced and foreclosed by the court. It is further alleged that respondent Averyt Drug Company claims certain credits or set-offs against the indebtedness due to complainant, because of alleged breaches of the warranty contained in the contracts, that said accounts and cross-claims are complicated, and are less in amount than the sum due by it on the contract, and that the total balance of the indebtedness due by Averyt Drug Company to complainant can be ascertained with certainty and with justice only in a court of chancery, and that Averyt Drug Company and its officers, agents, and employees are the only persons having full knowledge as to the goods, fixtures, moneys, and accounts, in their possession or control, covered by the lien given by said contract of sale. The bill prays a discovery of the respondent, and propounds interrogatories to that end.

(1) The contract of the parties provides no method of enforcing or foreclosing this lien. When such is the case, a court of equity, exercising its original jurisdiction, may protect and foreclose such lien.—1 Pom. Eq. Jur., §§ 165-167. Our court has often held that where a lien is given and no method of enforcement or foreclosure is provided, a court of equity, in virtue of its general jurisdiction over liens and trusts, will take jur-

isdiction to protect the lien.—*Montandon & Co. v. Deas*, 14 Ala. 33, 48 Am. Dec. 84; *Westmoreland v. Foster*, 60 Ala. 448; *Tutwiler v. Tuscaloosa Land Co.*, 89 Ala. 391, 7 South. 398; *Bingham v. Vandegrift*, 93 Ala. 283, 9 South. 280; *Crass v. Memphis R. R. Co.*, 96 Ala. 447, 11 South. 480; *Enslen v. Wheeler*, 98 Ala. 200, 13 South. 473; *Evans' Adm'r v. Silvey & Co.*, 144 Ala. 398, 42 South. 62; *Greil Bros. Co. v. City of Montgomery*, 182 Ala. 291, 62 South. 692; *Hicks v. Meadows*, 193 Ala. 246, 69 South. 432.

(2) The fact that appellant vendee had counterclaims will not deprive a court of equity of jurisdiction, nor prevent full and adequate relief to all parties to the contract made parties to the bill.—*Hicks v. Meadows et al., supra;* Sims' Ch. Pr., §§ 20-24; *Hundley v. Harrison*, 123 Ala. 292, 26 South. 294; *Tygh v. Dolan*, 95 Ala. 269, 10 South. 837; *Marshall v. Marshall*, 86 Ala. 383, 5 South. 475; *Stow v. Bozeman's Ex'rs*, 29 Ala. 397.

(3) The fact that the vendee was authorized by the contract to sell the property as therein provided, in view of the provision for a special deposit of the proceeds in the First National Bank, and that the liens should attach to the proceeds of such sales, is consistent with the provision reserving the lien to the vendor complainant. The lien still exists on the unsold properties and on the proceeds of the sale that may be identified. The respondent and sureties are liable to appellee for any balance that may be due on the contract of purchase.

(4) On a bill to foreclose a lien, a personal decree may be rendered against the respondent for any balance of the debt unpaid after application of the proceeds of the sale of the property subject to the lien.—Code of 1907, § 3219; *Wells v. American Mortgage Co.*, 123

Ala. 413, 26 South. 301; *Hastings v. Alabama State Land Co.*, 124 Ala. 608, 26 South. 881.

In *Tedder v. Steele*, 70 Ala. 347, it was held that a surety on a note given for the purchase money of land, though not a necessary party to a bill to enforce the vendor's lien, is a proper party, being interested in the account to be taken, and, when made a defendant, cannot avoid a personal decree for any balance of the debt remaining due after the land has been sold, as authorized by the statute, by entering a disclaimer. The court said: "The disclaimer of Tedder, by which he sought to repudiate all interest in the suit, did not entitle him to a discharge. Conceding that he was a mere surety to the note executed by himself and Beatty for the purchase money of the land, and that he was not interested as a purchaser, he was nevertheless a proper, though not a necessary, party defendant to the suit. He was a joint maker of the note, equally bound with the principal for its payment, and was interested in the account required to be taken by the court in order to ascertain the amount of the mortgage debt, and to determine the balance due after allowance of a credit on the debt of the amount for which the land may be sold, as is required to be done by the statute."—*Bristol v. Morgan*, 3 Edw. Ch. Rep. 142; *Rushmore v. Miller*, 4 Edw. Ch. Rep. 84.

(5) The joinder, as corespondents, of Lynwood Drug Company, Madison Pharmacy Company, and Collier Drug Company, sureties to the contract of purchase by the Averyt Drug Company from the Ely-Robertson, Barlow Drug Company, did not render the bill objectionable on the ground of multifariousness.—*Tedder v. Steele, supra; County of Dallas v. Timberlake et al.*, 54 Ala. 403; *Schuessler v. Dudley*, 80 Ala. 547, 2 South.

526, 60 Am. Rep. 124; *Lott v. Mobile County*, 79 Ala. 69.

(6) Under the contract of purchase, without affirmative action on the part of the sureties, it was not nec essary to exhaust all remedies against the principal. Averyt Drug Company, before proceeding against the subsidiary stores, sureties, Lynwood Drug Company, Madison Pharmacy Company, and Collier Drug Company.

In *Dampskibsaktieselskabet Habil et al. v. United States Fidelity & Guaranty Company*, 142 Ala. 363, 39 South. 54, Chief Justice McCLELLAN said: "Independent of statute, the general rule is that the creditor cannot be compelled to exhibit his remedy against the principal before resorting to the surety.—*Skinner v. Barney*, 19 Ala. 698; *Bank, etc., v. Godden & Lowry*, 15 Ala. 616; *Abercrombie v. Knox*, 3 Ala. 729 [37 Am. Dec. 721]. A request, however, to sue the principal operates to discharge the surety when by the negligence of the creditor the means of recovering the debt has been lost or damage has accrued to the surety. It does not appear from the bill that any request to sue the principal had been made, but if such be the fact, and the complainant has been damaged by the negligence of the creditor, this damage was available as a plea in bar of the action against him.—*Howle v. Edwards*, 97 Ala. 649 [11 South. 748]."

(7, 8) To hold a surety liable, it is not necessary that demand be made before bringing the suit against him. —*Newton v. Moore*, 14 Ark. 166; *Gardner v. Donnelly*, 86 Cal. 367, 24 Pac. 1072; *Wood v. Barstow*, 10 Pick. (Mass.) 368; *Danvers Farmers' Co. v. Johnson*, 93 Minn. 323, 101 N. W. 492; *Wilson v. Field*, 27 Hun. 46. It was the duty of the Lynwood Drug Company,

the Madison Pharmacy Company, and the Collier Drug Company, the sureties guaranteeing the faithful performance of the contract of the Averyt Drug Company, to make inquiry and ascertain whether the obligations arising under the stipulations of the contract had been discharged by the principal.—*Forrester v. State,* 46 Md. 154, 161; *Harris v. Newell,* 42 Wis. 687; *People v. Edwards,* 9 Cal. 286; 32 Cyc. of Law and Pro. p. 108; *Wood v. Bastrow, supra.*

As said by Lord Eldon in *Wright v. Simpson,* 6 Vesey Jr., 714, 734, as between the creditor and the surety, the creditor assumes no obligation of active diligence against the principal; and it is the business of the surety, not of the creditor, to see that the principal performs.

Because the surety may have no interest in the contract of its principal, and because the creditor of the principal debtor may prejudice the surety by delay, equity will sometimes interfere in behalf of the surety, either against his principal or against his creditor. In such a case the surety may proceed, in a court of equity against the principal, to compel him to pay the debt, or against the creditor, to compel him to proceed at law to collect his debt from the principal.—1 Story, Eq. § 327; *Wright v. Simpson, supra; Hayes v. Ward,* 4 John's Chancery, 123; *Bishop v. Day,* 13 Vt. 81, 37 Am. Dec. 582; *Harris v. Newell,* 42 Wis. 691.

In the case before us, the very words of the guaranty disclose an interest of each of the sureties: "One dollar in hand paid each of the undersigned, and　*　*　* the further benefits which will accrue to the undersigned by reason of their participation and interest in the said purchase," etc.

[Averyt Drug Co., et al. v. Ely-Robertson-Barlow Drug Co.]

This is not the case of sureties without interest, such as was dealt with in *Hudson Trust Co. v. Elliott's Ex'rs, infra,* 69 South. 631. The seruties in this case are the subsidiary stores and parties acquiring an interest in the purchase.

(9) The nature of the contract and of the lien reserved, the stipulations for sales and special deposit of the proceds, the charge of commingling the merchandise subject to the lien with other goods of the purchaser, and the averment that the purchaser's officers, agents, and employees are the only persons having a full and complete knowledge and information as to the properties, accounts, and moneys in the possession and control of the vendee, Averyt Drug Company, subject to the lien created by the contract, are conditions and matters conspiring to make a discovery necessary to the appellee, and not prejudicial, but beneficial to the sureties.

These principles settle the equity of the bill, as involving subject-matter properly within the jurisdiction of a court of chancery, and show that the chancellor properly overruled the demurrer to the bill.

The decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ.. concur.