BANK OF THE STATE OF ALABAMA v. GODDEN AND LOWRY.

1. A judgment creditor is not bound to active diligence to enable him to hold a security liable, and it is no defence for a surety, that the sheriff returned the property levied on to the principal debtor, who soon after became insolvent.

Error to the 22d Chancery District, before the Hon. W. W. Mason, Chancellor.

P. & J. L. MARTIN, for plaintiff in error.
JOHN and DAVIS, contra.

CHILTON, J.—The question presented in this case for revision, is, whether the defendants in error, as the sureties of Fletcher, are discharged from liability upon a judgment rendered against them and their principal, by the act of the sheriff in levying the execution upon a slave of the principal, and afterwards returning said slave to him, and the delay of the bank to issue another execution until after the principal had become wholly insolvent.

The principles of law which govern the case are well settled, and their statement will show at once that the chancellor's decree cannot be sustained.

1. The creditor who has obtained his judgment, is not bound to active diligence so as to enable him to hold the security liable. He may delay as long as he pleases. 8 Ala.

Rep. 903. And although he stipulates with the principal debtor for delay, yet if the agreement be merely voluntary, the surety is not discharged. 6 Ala. Rep. 57. In short, no agreement will have the effect to exonerate the surety which is not bound on a valuable consideration, and does not disable the creditor from proceeding to collect the demand. 2 Stew. 63 ; 4 Por. 61 ; 8 Ala. Rep. 750 ; 4 Har. & McH. 41.

In Sawyer's adm'r. v. Patterson, 6 Ala. Rep. 573, the execution creditor in consideration of receiving half the debt, directed the sheriff to delay the execution, and the levy on property sufficient to have paid the whole debt was discharged. . The principal becoming insolvent, the surety insisted on these facts as a discharge—Held, that he was liable. That case is a much stronger one than this ; for there, the delay and discharge of the levy was by the plaintiff's act. But the agreement to delay was not binding, for want of a valuable consideration. In this case, the plaintiff is merely passive.

2. The levy upon the slave John, and his subsequent restoration by the sheriff to the principal debtor, does not discharge the debt. Had the sheriff levied upon property sufficient in value to have satisfied the execution, and retained it or wasted it, this would amount to a satisfaction. Such is not the case here. It would be strange indeed if an unauthorized arrangement between the sheriff and principal debtor, to which the plaintiff was in no wise consenting, by which a levy is to be indorsed, and the property is to remain with the debtor, should have the effect to deprive the party plaintiff of his right to satisfaction by another execution. It is not pretended that this levy amounts to a satisfaction, so far as Fletcher is concerned ; upon what principle, then, can his sureties claim that they are released by it ? We have seen that mere delay, or want of diligence on the part of the bank, will not discharge them ; and there has been no period since the judgment was rendered, when the plaintiff in the judgment could not have proceeded to its collection. If greater diligence was needed for the sureties protection, they should have paid the debt and taken the matter in their own hands. In cases where there has been no satisfaction of the debt, or that which the law regards as a satisfaction, the *laches* of the

sheriff shall not work a forfeiture of the debt to the plaintiff as against the other defendants to the judgment who were securities upon the note. The cases of Abercrombie v. Knox & Snodgrass, 3 Ala. Rep. 728, and Wilson v. Bank of Orleans, 9 ib. 847, are conclusive to show, that the plaintiff has not lost its remedy against the sureties by delay. The case of the Bank v. Curry, 13 Ala. Rep. 304, and the cases found in 4 Ala. 543; ib. 427; 9 Por. 201, and 8 Ala. 759, may suffice to show, that the plaintiff has not lost the right to have satisfaction of the judgment by the *laches* of the sheriff, as shown by the proof in this cause.

Let the decree of the chancellor be reversed, and a decree here rendered dismissing the bill, at the cost of the defendants in error.