## STOWELL *versus* GOODENOW AND ROUNDS.

Positions of law, which a party may contend for at the trial, if not presented as requests for instruction, do not furnish matter of exception, unless they were directly noticed by the court, in its rulings or instructions.

Such a contract, between the holder of a note and the principal thereon, as would discharge the surety, if made *prior* to the pay-day, would have the same effect, though made *subsequently* to the pay-day.

Where the holder of a note, having made a contract with the principal for delay, relies upon an assent thereto given by the surety, the burden of proving such assent is upon the holder.

ASSUMPSIT, on a promissory note made to the plaintiff by Goodenow as principal, and by Rounds, as surety, payable at a specified day. Goodenow was defaulted. Rounds defended, and insisted that he was exonerated by means of a contract for delay, made *after the pay-day*, for value, by the plaintiff with the principal, without the knowledge of the surety.

There was evidence tending to show that the plaintiff, for a valuable consideration, had, *after the pay-day*, stipulated with the principal to give further time of payment.

Against the plaintiff's objection, Rounds was permitted to prove, and did prove that, for some length of time after the pay-day of the note, Goodenow's reputation for solvency was good, and that he afterwards became insolvent. The plaintiff, in argument, contended for certain legal positions, but did not ask for rulings or instructions upon them, and they were not adverted to by the Judge, in his charge to the jury. The Judge instructed the jury that delay of payment by the principal, and his intervening insolvency, and his removal to parts unknown, would not discharge the surety; also, that a contract between the

plaintiff and the principal, which, if made *before the pay-day,* would discharge the surety, would have the same effect, if made *after the pay-day ;* and that, if Rounds had proved that the plaintiff had made such an agreement with Goodenow, to wait further time, for a good consideration, then the burden of proof was on the plaintiff to show, that the surety had knowledge of, or consented to, such agreement ; and if he failed to do so, the surety would be discharged.

The trial was before Howard, J.

The verdict was for the defendant, Rounds, and the plaintiff excepted.

*Whitman,* for the plaintiff.

*Gerry,* for the defendant, Rounds.

Shepley, C. J. — The question presented for the determination of the jury was, whether a contract had been made between the plaintiff and Goodenow for delay of payment for a stipulated time and for a valuable consideration. That question is not presented for the consideration of the court by this bill of exceptions.

The first cause of complaint presented is, that testimony was received to prove, that Goodenow was reputed to be solvent during the years 1844 and 1845, and that he afterward became insolvent.

Such testimony could not affect the rights of the parties, and its admission might have afforded just cause of complaint, if its influence had not been prevented by the instructions. But the jury were instructed, "that delay of payment and intervening insolvency of the principal and his removal to parts unknown, could not discharge the surety." Under such instructions the testimony became immaterial, and it cannot be presumed, that the jury disregarded these instructions and allowed it to have an influence upon their minds.

Positions, for which the plaintiff's counsel contended, not presented as requests for instructions, can only be noticed as explanatory of the instructions, which were given. They do

not present matter of exception, if they were not directly noticed by the court.

It is insisted, that the ruling of the court was erroneous, that a contract, which would have the effect to discharge a surety if made with the principal before the note became payable, would have the same effect if made after the note became payable. This was correct. *Hutchinson* v. *Moody*, 18 Maine, 393; *Gifford* v. *Allen*, 3 Metc. 255. The remarks made in the case of *Leavitt* v. *Savage*, 16 Maine, 72, and referred to in argument, were made with reference to a bond, to show, that its condition was defeated by such a contract for delay.

The jury were instructed, " that if the defendant, Rounds, had proved, that the plaintiff had made such an agreement to wait further time for a good consideration with Goodenow, then the burden of proof was on the plaintiff to show, that the surety had knowledge of or consented to such agreement, and if he failed to do so, the surety would be discharged."

The wrong and injury to the surety consists in a change of the contract and of the relations between the creditor and his principal debtor. It is this, which discharges the surety. When proof of it has been made, the creditor can be relieved from the effect of it upon his rights only by showing, that the surety has assented or waived all objection *to it. The* surety could not ordinarily be able to prove, that he did not assent to it, when made without his knowledge. The proof should come from the party, who would be relieved from the consequences of his own wrongful act; and the instructions were correct.

The other instructions are not the subject of complaint.

*Exceptions overruled.*