WILLIAM W. DEDRICK AND ELEZER C. KNAPP v. JOHN DEN BLEYKER.

*Mortgage—Release—Injunction—Parties.*

1. A grantor who covenants against an outstanding mortgage, which he claims to have subsequently paid, and a subsequent grantee, who, if the mortgage lien is not thus extinguished, has a remedy upon said covenant if obliged to pay the mortgage, are properly joined as complainants in a suit to discharge such lien of record and enjoin the foreclosure of the mortgage.

2. In this case it is held that the effect of an arrangement by a mortgagee with a debtor of the mortgagor, who had agreed with the mortgagor to pay the mortgage, by which the mortgagee agreed to look to the debtor for such payment, and extended the time thereof from time to time for twenty years, released the mortgagor and his estate from personal liability for the mortgage debt, and discharged the mortgage lien as to a grantee of the mortgaged premises, to whom they had been conveyed with covenants of warranty, and who had no actual notice of the mortgage. *Metz v. Todd*, 36 Mich. 473.

Appeal from Allegan. (Arnold, J.) Argued April 8, 1891. Decided May 8, 1891.

Bill to restrain the foreclosure of a mortgage. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Jacob V. Rogers*, for complainants.

*Crane & Breck* and *Osborn & Mills*, for defendant.

LONG, J. On November 6, 1862, the complainant Dedrick was indebted to one Paulus Den Bleyker in the sum of $300, and to secure the payment thereof he executed and delivered to him his bond on that date, secured by mortgage upon real estate then owned by Dedrick.

This mortgage was recorded on or about the date of its execution in the office of the register of deeds for Allegan county.

In 1886, Dedrick sold and conveyed the land covered by the deed of warranty to one William Hay. Hay subsequently sold and conveyed the land to one Montgomery; and on October 3, 1867, Montgomery sold and conveyed the land by deed of warranty to Elezer C. Knapp, one of the complainants, who is the present owner. No mention is made in any of the deeds of the mortgage given to Den Bleyker; and it is apparent from the record that complainant Knapp never had any notice of the existence of the mortgage, except constructive notice from the fact of its being recorded. The mortgage has never been paid.

This bill is filed to restrain the defendant from foreclosing the same. Proofs were taken in open court, and a decree entered discharging the lien of the mortgage, and granting a perpetual injunction restraining the defendant, as executor, from attempting to foreclose the mortgage, either at law or in chancery.

The bill sets out substantially that complainant Dedrick, at the time of or shortly after the sale of the premises to William Hay, had money in the hands of one A. C. Roberts sufficient to pay the mortgage, and that he made arrangements with Roberts to pay and discharge the same; that he, Dedrick, was, and ever since has been, a non-resident of this State; that he supposed Roberts had paid or would pay the mortgage, and have it discharged, as he had been ordered; that Paulus Den Bleyker knew there was sufficient means in his, Roberts', hands to pay the mortgage, and that Paulus Den Bleyker and Roberts entered into an agreement without Dedrick's knowledge or consent to let the mortgage run unpaid, and Roberts would pay the interest each year, and event-

ually pay him the principal; that the above agreement was without authority, consent, instructions, or knowledge of Dedrick, and against his rights, and a fraud on his rights and those of complainant Knapp.

The bill further charges that Paulus Den Bleyker died in 1872; that John Den Bleyker, the defendant, is his representative, and is taking proceedings to foreclose the mortgage; that neither of complainants has paid or caused anything to be paid on the mortgage, and that such payments as Roberts has made were made without their knowledge or consent, and that the statute of limitations has run as to the mortgage; and they ask that it be canceled, and defendant perpetually enjoined from foreclosing it, and that it be declared of no effect as against the rights of either of the complainants.

The answer admits the giving of the mortgage, and the indebtedness thereon, the decease of Paulus Den Bleyker, the proper appointment of the defendant to represent his estate, and that he is foreclosing the mortgage. The answer avers that complainants are entitled to no relief under the bill, and prays the same advantage as if defendant had demurred to the bill, and states as causes of demurrer:

1. The said William W. Dedrick has no interest in or to the premises in question such as would entitle him to bring the action.

2. There is no common interest between complainants herein and in the subject-matter complained of.

On the hearing in the court below the complainant Knapp was called as a witness, and testified that he purchased the land October 3, 1867, and took possession the next day under his deed, and has ever since remained in possession. This deed was offered in evidence. Knapp further testified that when he purchased the premises he had no knowledge of the Den Bleyker mortgage, and first

learned of it on January 31, 1889; that he paid the full purchase price for the property when he bought it. Complainants also offered in evidence the Den Bleyker mortgage and bond, the sheriff's certificate on proceedings to foreclose the mortgage, and sale of the premises August 20, 1889. Complainants also called as a witness Mr. A. C. Roberts, who testified substantially that he was the brother-in-law of complainant Dedrick; that he first knew that Den Bleyker held this mortgage in 1869, having received his information by letter from Mr. Dedrick; that he subsequently called upon Paulus Den Bleyker, and was told by him that he held the Dedrick mortgage and bond. The witness then says:

"I told him [Mr. Paulus Den Bleyker] my wife was owing Mr. Dedrick, and that I, acting as her agent, had received a letter from Mr. Dedrick, asking us to take up the mortgage, with the amount we were owing him. I told him we had not expected to be called upon for it, and I was unable to raise it now. He said he was about to foreclose the mortgage; that he had not heard from Mr. Dedrick in two years, nor received his interest. I asked him to let the mortgage run, and told him I would pay him two years' back interest, and would keep up the interest promptly until the mortgage was paid. He consented. Said he did not need the money, but wanted his interest promptly. He thought Dedrick had abandoned it, and he was uneasy about it. I then paid him some over two years' interest. My wife owed Dedrick for money she had borrowed of him."

It appears that Mr. Roberts paid the interest upon the mortgage thereafter each year up to and including the year 1888. Mr. Roberts further testified that he advised Dedrick of the arrangement which he had made with Mr. Den Bleyker. He says:

"I told Dedrick of this agreement about six months after I made it. He asked me if I had paid the mortgage, and I told him I had not been able to do so; that I had made this arrangement with Den Bleyker, and that

he had consented to look to me for the payment of the interest and principal as soon as I could raise it. I was at my house in Plainwell when I had this talk with Dedrick. He said nothing in particular that I recollect."

Several of Mr. Dedrick's letters were introduced in evidence. In one of these letters, dated September 12, 1869, written to Paulus Den Bleyker, Mr. Dedrick said:

"Your favor calling my attention to indebtedness on mortgage received. My brother-in-law, Mr. A. C. Roberts, holds the money for me to meet the same, and has been instructed to call upon you, and take up the mortgage at once. His residence is Junction, Allegan county. My impression was that the mortgage bore date about October 20, and I instructed him some months since to attend to the matter at that date. He will, no doubt, however, meet it at once, as I have this day requested him to do. You may, if you please, address him on the matter. My home is still Memphis, Tenn., where you will address me if the matter is not attended to."

As appears by the record this was the last letter from Mr. Dedrick on the subject, and, so far as appears by the record, the only information that Mr. Dedrick had of the matter; from that time until the year 1887, except the talk with Mr. Roberts. It appears that prior to October 12, 1887, Mr. James M. Davis wrote Mr. Dedrick upon the subject of the mortgage, and Mr. Dedrick, under date of October 12, 1887, answered as follows:

"JAMES M. DAVIS, Esq.,—

"*Dear Sir:* Your letter of the 11th inst. is received. I do not understand what you refer to. About twenty-three or twenty-four years ago I mortgaged some property in Plainwell, but long years ago I paid off the mortgage through A. C. Roberts, of Plainwell, or at least placed the money in his hands for that purpose. If it is this mortgage you refer to (and it must be), I wish you would be kind enough to bring the matter to A. C. Roberts' attention at once.

"Very resp'y, W. W. DEDRICK."

On October 15 Mr. Dedrick also wrote Mr. Davis as follows:

"J. M. DAVIS, Esq.,—

"*Dear Sir:* Please do me the favor to take no steps in the Den Bleyker mortgage until I can write and try and get the party who has embezzled my money to pay it.

"Very resp'y, W. W. DEDRICK."

This is the only showing in the record of any knowledge upon the part of Dedrick but that the mortgage had been paid by Roberts.

It is contended upon the part of the defendant that Roberts was Dedrick's agent, and made several payments for him, and by his order, and therefore Dedrick is still liable upon the bond and mortgage; and, as shown by his last letter, he regarded Roberts as having embezzled the money, instead of having applied it to the payment of the mortgage, as he was directed.

It is further contended that complainant Knapp is not an innocent purchaser without knowledge of the existence of the mortgage at the time of his purchase, as the mortgage at that time was on record in the office of the register of deeds of that county. It is also contended that the mortgage is not barred by the statute of limitations. Defendant also insists that the parties are not properly joined as complainants in the bill, as there is no interest in common between them.

The decree of the circuit court must be affirmed.

1. It appears conclusively from the arrangement between Roberts and Den Bleyker that the agreement was for an extension of time for the payment of the mortgage debt, and that Den Bleyker looked to Roberts for the payment not only of the interest upon the mortgage, but of the principal sum due thereon. Mr. Dedrick was advised of

this fact by Roberts about six months after that arrangement was made, and from that time forward for a period of nearly twenty years Mr. Dedrick, so far as appears by this record, never learned but that Den Bleyker had been paid, or that he made any claim upon him·for its payment. He notified Mr. Den Bleyker. that the money was in the hands of Roberts to pay the mortgage. This was in 1869, as appears by his letter. After this. letter was written, Mr. Dedrick heard no more from Den Bleyker, and only learned from Roberts that the mortgage had not been paid, but was advised at the same time by Roberts that Den Bleyker would look to him, Roberts, for the principal and interest; and under this arrangement Den Bleyker did thereafter extend the time of payment from year to year, up to the time of his death, in 1872,. and the same course was continued by his son, as executor, up to 1889, when for the first time Dedrick was notified that he was to be held liable. This arrangement had the effect to release Dedrick from all liability on the bond which the mortgage was given to secure. The letter of Dedrick to Davis would not estop· him from setting up this claim.

2. Complainant Knapp stands as the owner of the premises. He went into possession of the premises in 1867, under his deed of warranty. He then had notice of the existence of the mortgage by the record in the office of the register of deeds. He, by his deed, did not assume its payment. He simply owned the premises incumbered by it. This was in October, 1867. In 1869, by the arrangement between the mortgagee, Den Bleyker, and Roberts. the principal debtor was released, and that debt extinguished. Den Bleyker thereafter, under the arrangement made, was to look for the payment of the

debt to Roberts, with interest. At least that was the effect of the arrangement, as the time for payment was extended, and Roberts testifies that he told Dedrick that Den Bleyker had consented to look to him for payment of the principal and interest. This, as we have said, released Dedrick, and by that means extinguished the debt of Dedrick and created the liability of Roberts; This arrangement also extinguished and discharged the mortgage lien. *Metz v. Todd*, 36 Mich. 473, and cases there cited.

It is said, however, that the parties could not be joined as complainants. This contention has no force. If the mortgage lien, as the defendant contends, was not extinguished, complainant Knapp certainly would have a remedy upon the covenants of warranty in his deed for the amount he was compelled to pay, and could go back under the deeds, they being all full covenant deeds of warranty, to Dedrick, and Dedrick would, upon the defendant's theory, be held liable upon such covenants. He and complainant Knapp, therefore, upon that theory would have a common interest in getting rid of the mortgage lien. We think they were properly joined as complainants.

The decree of the court below is therefore affirmed, with costs.

The other Justices concurred.