(76 South. 442)

## PEOPLE'S SAVINGS BANK OF TALLASSEE et al. v. JORDAN. (5 Div. 653.)

(Supreme Court of Alabama.   June 28, 1917.)

1. MORTGAGES ☞201—BREACH OF COVENANT TO INSURE—WAIVER.

Where a note was secured by mortgage providing that the mortgagor maker should keep the property insured, for not less than $2,000, for benefit of mortgagee, and during the term a creditor of the mortgagor took out two policies on the premises and paid the premiums, the policies being issued as payable to payee mortgagee and the creditor, as their interests might appear, any balance to assured, there was a breach of the covenant to insure, which was not waived by the mortgagee by indorsing the insurance company's check for a loss by request of insured's president and the creditor's president, in order to permit its collection, without claiming or receiving any part of the proceeds, which were credited on insured's debt to the creditor.

2. PLEADING ☞136—SPECIAL PLEAS AMOUNTING TO GENERAL ISSUE.

Where the special pleas filed by defendant were no more than pleas of the general issue, and all matters alleged were available to defendants under that plea, and were in fact put in evidence, so far as defendant had any testimony to support them, sustaining demurrers to the special pleas was not error.

3. MORTGAGES ☞283(1) — ASSUMPTION OF MORTGAGE DEBT—EFFECT.

Where one bank, successor of another, assumed such other's mortgage debt, on acceptance of the assumption by the mortgagee, the successor bank became, as to the mortgagee, the primary obligor for payment; the mortgagor remaining liable as a quasi surety.

4. MORTGAGES ☞292(5) — ASSUMPTION OF DEBT—ACTION OF MORTGAGEE.

Where a mortgage debt is assumed by a purchaser, the mortgagee's action may be maintained against the mortgagor, against the purchaser, or against both jointly.

5. MORTGAGES ☞280(4) — ASSUMPTION OF DEBT — CONDITIONS AND STIPULATIONS OF MORTGAGE.

A successor bank, by assuming the mortgage debt of the predecessor bank, became bound by all the conditions and stipulations of the mortgage deed, such as a covenant to insure, with option to declare the whole debt due for breach.

6. EVIDENCE ☞370(3) — DOCUMENTARY EVIDENCE.

An agreement by a bank, assuming the debts of its predecessor, not being self-proving, was improperly admitted in evidence, without formal proof of its execution.

7. APPEAL AND ERROR ☞1078(4)—WAIVER OF OBJECTION TO EVIDENCE—LACK OF ARGUMENT IN BRIEF.

In the absence of any argument in brief insisting upon a ground of objection to the introduction of a writing in evidence, it must be treated as waived.

Mayfield and Sayre, JJ., dissenting in part.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

M. R. Jordan sued the People's Savings Bank of Tallassee and its successor, the bank of Tallassee, to recover on a note, and for breach of contract to insure. Judgment for plaintiff, and defendants appeal. Affirmed.

The note sued on is secured by a mortgage which provided that the mortgagor maker should keep the property therein described insured in good and responsible companies, for not less than $2,000, and have the policies payable to plaintiff, as her interest might appear in said property, and to deliver same to her, and that for failure to thus insure the payee might, without notice, declare the whole debt secured to be due and payable, and proceed to foreclose at once. The nominal date of maturity was June 22, 1917; but, asserting a breach of the above stipulation by the mortgagor, the whole debt was declared due by plaintiff prior to suit filed on January 28, 1916. The complaint shows these facts, and alleges that the note and mortgage were made by defendant the People's Savings Bank of Tallassee, and that the payment of the note was afterwards assumed by the other defendant, the Bank of Tallassee. The undisputed facts in regard to the alleged breach of the covenant to keep insured, are as follows:

During the period of obligation, the Elmore Fertilizer Company, a large creditor of the mortgagor, took out two policies, for $2,000 and $3,000, and paid the premiums therefor. These policies were issued as payable to Mrs. M. R. Jordan, and the Elmore Fertilizer Company, as their mortgagee interests may appear; balance, if any, to assured. Mrs. Jordan had nothing to do with the procuring of these policies, and was in no way interested therein. When the insured's buildings were burned, in 1915, the insurance company drew the check for the sum due on the policy in favor of the mortgagor bank, Mrs. Jordan, and the Fertilizer Company. By request of the bank's president, and of the Fertilizer Company's president, Mrs. Jordan indorsed this check in order to permit its collection, and without claiming or receiving any part of the proceeds, which were credited on the bank's debt to the Fertilizer Company. After defendant Bank of Tallassee took over the property and assets, and assumed the payment of the debt of the People's Savings Bank of Tallassee, it took out a policy for $2,500, payable to itself, but without notice thereof to Mrs. Jordan, and without delivering the policy to her. After the building was burned, the bank collected the amount of the policy, and after some negotiation with Mrs. Jordan, and after she had declared the entire debt due, she received from the bank the sum of $2,500 as a credit on the debt due her.

The trial court, sitting without a jury, rendered judgment for plaintiff.

Frank W. Lull, of Wetumpka, and T. G. Hilyer, of Tallassee, for appellants. W. A. Jordan and Ball & Samford, all of Montgomery, for appellee.

SOMERVILLE, J. [1] On the undisputed facts shown by the bill of exceptions, there was a breach of the covenant to insure, and nothing done by the mortgagee had the effect of a waiver of the breach. The mortgagor properly exercised her option to declare the entire debt due, and hence the suit was not prematurely filed. In another suit between these parties for the foreclosure of the mortgage in equity, we reached the same conclusion on substantially the same evidence. Bank of Tallassee et al. v. M. R. Jordan, 199 Ala. 374, 74 South. 936.

[2] There was no error in the sustaining of demurrers to the special pleas filed by defendants. They were no more than pleas of the general issue, and all the matters alleged were available to defendants under that plea, and were in fact put in evidence, so far as defendant had any testimony to support them. If any error was committed by the trial court in rulings on the evidence, it was technical merely, and had no bearing on the re-

---

sult, since the material and decisive matters of fact were without dispute. We therefore omit any detailed discussion of these assignments of error.

[3] Defendants contend, however, that no judgment could be rendered against the defendants jointly, because the People's Bank is liable on the note, and the Bank of Tallassee is liable, if at all, only on its independent agreement to assume the debt—an entirely different cause of action. This is a misconception of the legal effect of the assumption by the Bank of Tallassee of the mortgage debt. By that assumption, accepted by the mortgagee, it became, as to the mortgagee, the primary obligor for the payment of the debt; but the mortgagor remained liable to the mortgagee as a quasi surety. 27 Cyc. 1365, e.

[4] In such a case: "The action may be maintained against the mortgagor, or the purchaser, who has assumed the payment of the mortgage, or against both jointly." 27 Cyc. 1351, 1352.

[5] Defendants contend, also, that the Bank of Tallassee did not, by merely assuming the mortgage debt, become bound by the conditions and stipulations of the mortgage deed with respect thereto. This contention is unsound, for manifestly the conditions upon which the maturity of the debt depended were a part of the obligation itself, and were as binding upon the assumptor of the debt as upon the original obligor.

The contention that the mortgage deed is void upon its face, because not properly executed in the name of the bank *by* its president, was disposed of adversely to defendants in the other branch of this case, referred to above, and need not be further noticed.

[6] The record shows that objections were made to the introduction of the written agreement by which the Bank of Tallassee assumed to pay the obligations of the People's Bank of Tallassee, on the ground, among others, that the execution of the paper was not proven. The paper was not self-proving, and no formal proof of its execution seems to have been offered. It may be that the error of its admission without such proof was cured, or at least rendered immaterial, by other evidence showing a clear recognition of such an obligation by the Bank of Tallassee.

[7] But, in the absence of any argument in brief insisting upon this ground of objection, it must, under our practice, be treated as waived. Johnson v. State, 152 Ala. 93, 44 South. 671; Hodge v. Rambo, 155 Ala. 179, 45 South. 678; Georgia Cotton Co. v. Lee, 72 South. 158, 196 Ala. 599. It is therefore unnecessary to consider the related question.

Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, GARDNER, and THOMAS, JJ., concur.

MAYFIELD and SAYRE, JJ., think the objection to the document referred to is entitled to consideration, and to that extent only they dissent from the conclusions stated in the opinion.