(107 So. 834)

**TENNESSEE VALLEY BANK et al. v. SEWELL. (8 Div. 806.)**

(Supreme Court of Alabama. April 1, 1926.)

1. Mortgages ⬥283(1)—Grantee assuming mortgage becomes principal debtor, and mortgagor, surety, and mortgagee is bound to recognize condition of suretyship and respect rights of surety in subsequent dealings.

When mortgagor conveys mortgaged property, and grantee assumes payment of mortgage, grantee becomes principal debtor, primarily liable for debt, and mortgagor becomes surety, and mortgagee, although he may treat both mortgagor and grantee as debtors and enforce liability against either, after notice of assumption, is bound to recognize condition of suretyship and respect rights of surety in his subsequent dealings with them.

2. Subrogation ⬥18—Mortgagor who has become surety on grantee's assumption of mortgage is entitled to hold mortgage by equitable assignment or subrogation for purpose of reimbursement from grantee after he pays off mortgage.

Mortgagor, who becomes surety for payment of mortgage debt on grantee's assumption of mortgage, is entitled to hold mortgage by equitable assignment or subrogation for the purpose of reimbursement from the grantee when he pays off the mortgage on grantee's failure to do so.

**3. Subrogation ⚓18—Original mortgagor, who made payment of mortgage after grantee's failure to pay same, became equitable assignee, and was subrogated to rights of mortgagee.**

Where original mortgagor sold mortgaged property to grantee, who assumed payment of mortgage, but who failed to pay same, mortgagor, on assuming payment after grantee's failure, became the equitable assignee of the mortgage, and was by operation of equitable principles subrogated to the rights of the mortgagee loan company.

**4. Subrogation ⚓1—Statute forbidding assignment of securities by loan company does not apply to subrogation arising by operation of law, and must be considered in pari materia with statute providing for subrogation of surety to creditor's rights on payment of principal's debt (Code 1907, §§ 3602, 5394).**

Code 1907, § 3602, forbidding assignment of securities by loan company, applies only to contractual or conventional subrogation, and not to one arising by operation of law, and must be considered in pari materia with section 5394, providing for subrogation of surety to rights of creditor on payment of principal's debt.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Bill in equity by J. Q. Sewell against the North Alabama Building & Loan Association, the Tennessee Valley Bank, L. W. Norton, and S. G. McDuff. From a decree for complainant, respondents North Alabama Building & Loan Association and Tennessee Valley Bank appeal. Affirmed.

The bill alleges that complainant owned property described as lots 2 and 3 in block 9 in Albany. In November, 1919, he borrowed from the loan company $1,500, and secured it by a mortgage on lot 3, his home, thereafter reducing the loan by monthly payments. In November, 1922, complainant borrowed from the loan company $400, and secured it by a second mortgage on lot 3 and a first mortgage on lot 2. This $400 was borrowed at the Tennessee Valley Bank. Complainant did not read the mortgage, and was for a long time under the misapprehension that said mortgage was in favor of the bank. In December, 1923, complainant sold lot 2 to L. W. Norton. This lot was then subject to the $400 mortgage, of which fact Norton was informed; but by mistake both complainant and Norton considered the mortgage to be in favor of the bank, and, as a part of the consideration of the sale, it was agreed and stipulated in the deed that Norton assume a mortgage for $400 in favor of the Tennessee Valley Bank. This $400 mortgage to the loan company was duly recorded. Soon after his purchase of lot 2 Norton sold to S. G. McDuff, and in March, 1924, the Tennessee Valley Bank made a loan to said McDuff of $500, and took from him a mortgage on said lot 2 to secure the same. Thereafter complainant negotiated to sell lot 3, and discovered that the $400 debt assumed by his grantee Norton, and secured by first mortgage on lot 2 and by second mortgage on lot 3, had not been paid by Norton, and, in consequence, that, in order to release lot 3 from the mortgage, he would have to pay the debt. Complainant offered to pay said amount, and requested that the mortgage be delivered up in such way as to fix his rights against Norton. Respondent loan company declined to do other than accept the payment and mark the mortgage paid and satisfied; thereafter proceeding to foreclose both mortgages executed by complainant to it. Thereupon complainant paid off said mortgages, giving written notice to the loan company that he did not desire the $400 marked satisfied, since in paying it he assumed the obligation resting upon Norton, his grantee of lot 2.

It is alleged that the respondents bank and loan company conspired together and manipulated the two items of complainant's indebtedness in such manner as to require complainant to pay the said $400 mortgage in order to release his said lot 3, and upon his payment thereof refused to deliver up this mortgage in such manner as to protect complainant's rights as against Norton, but marked said mortgage paid and satisfied, all to the end of preferring the respondent bank and of rendering the bank's second mortgage on said lot 2 superior to any right of complainant; that complainant accepted said mortgage so indorsed because he had no alternative, but openly declared to respondents his purpose to enforce said mortgage for his own relief.

The prayer is for reformation of the deed from complainant to Norton to make it recite the assumption of a mortgage for $400 in favor of the North Alabama Loan Company instead of in favor of the Tennessee Valley Bank for subrogation as to said mortgage and foreclosure of same.

By cross-bill respondent bank sought to have its mortgage executed by McDuff foreclosed, and the property, lot 2, sold to satisfy the same.

From a decree granting relief to the complainant as prayed, the respondents bank and loan company prosecute this appeal.

S. A. Lynne, of Decatur, for appellants.

The respondent loan company was prohibited by law from transferring or assigning the mortgage. Code 1923, § 7101; Rosenthal on B. L. & S. Associations, 72. Complainant could not be subrogated to the rights of the loan company. Jones on Mortgages, §§ 711, 864; Holland v. Citizens' Bank, 16 R. I. 734, 19 A. 654, 8 L. R. A. 553; Barnett v. McMillan, 58 So. 400, 176 Ala. 430; Pomeroy's Eq. Jur. § 797; Belk v. Fossler, 96 N. E. 15, 49 Ind. App. 248.

⚓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A. J. Harris, of Decatur, for appellee.

After the sale of lot 2 to Norton, Sewell became Norton's surety to pay the $400 loan. Bright v. Mack, 72 So. 436, 197 Ala. 214. When Sewell paid the loan, he was subrogated to all of the rights of the loan company in the mortgage. Hamilton v. Robinson, 67 So. 434, 190 Ala. 549; Knighton v. Curry, 62 Ala. 408; Code 1907, §§ 5385, 5394; Code 1923, §§ 9544, 9553. It is immaterial that the loan company marked the mortgage satisfied; the law subrogates complainant to its rights. Thrasher v. Neeley, 72 So. 116, 196 Ala. 576; Clearman v. Cobbs, 73 So. 83, 197 Ala. 546; Hughes v. Howell, 44 So. 410, 152 Ala. 295. Complainant is entitled to reformation of the deed to Norton. Orr v. Echols, 24 So. 357, 119 Ala. 345; 23 R. C. L. 332. If there is a reason for keeping a mortgage alive, such as the existence of another incumbrance, equity will not destroy it. Barnett v. McMillan, 58 So. 400, 176 Ala. 430; 2 Pom. Eq. Jur. (3d Ed.) 791.

ANDERSON, C. J. [1-3] When a mortgagor conveys the mortgaged property, and his grantee assumes the payment of the mortgage as between the mortgagor and his grantee, the grantee becomes the principal debtor primarily liable for the debt, and the mortgagor becomes a surety with all the consequences flowing from the relationship. As between these two and the mortgagee, although he may treat them both as debtors, and may enforce the liability against either, still, after notice of the assumption, he is bound to recognize the condition of suretyship and to respect the rights of the surety in all of his subsequent dealings with them. When the mortgagor, having become a surety, pays off the mortgage, he is entitled to hold it by equitable assignment or subrogation for the purpose of reimbursement from the grantee. 3 Pomeroy, § 1206, and note on page 1409. This rule as enunciated by Mr. Pomeroy is not only supported by many authorities cited in his notes, but finds support in our own case of Hamilton v. Robinson, 67 So. 434, 190 Ala. 549, as well as previous decisions of this court. Therefore, when Sewell, the appellee, mortgaged the lot to the loan company, and subsequently sold it to Norton, who assumed the payment of the mortgage as part of the purchase money, but failed to pay same, and Sewell paid it, he became the equitable assignee, and was by the operation of equitable principles subrogated to the rights of the loan company.

[4] The fact that section 3602 of the Code of 1907 forbade the loan company from assigning its securities could at most apply to a contractual or conventional subrogation; and not to one that arose by the operation of law. Moreover, section 3602 must be con-

sidered in pari materia with section 5394 of the Code of 1907, and which provides:

"A surety who has paid the debt of his principal is subrogated, both at law and in equity, to all the rights of the creditor, and in a controversy with other creditors, ranks in dignity the same as the creditor whose claim is paid."

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.