(121 So. 530)
### WHITTLE v. CLARK et al. (6 Div. 231.)

Supreme Court of Alabama.    April 4, 1929.

Sanders & Sanders, of Ensley, and Goodwyn & Ross, of Bessemer, for appellant.

G. P. Benton, of Fairfield, for appellees.

BROWN, J. The relief sought by the appellees is to have the court, through a reference to the register, ascertain the value of the property covered by a mortgage executed by complainants to Fergus W. McCarthy, as executor of the estate of Hannah Bush, deceased, to secure certain notes executed by the complainants evidencing an indebtedness of $1,500, said mortgage now being the property of the defendant, to foreclose said mortgage, and apply the proceeds of such foreclosure to the satisfaction of the mortgage indebtedness and attorneys' fees to the complainants' attorneys and the costs incurred in this suit, and the surplus, if any, to a junior mortgage held by the defendant, and discharge the complainants from the liability on said notes, to cancel a deed of foreclosure executed under the power of foreclosure of the junior mortgage, and for general relief.

The facts are so illy pleaded that we have experienced some difficulty in grasping the theory of the bill. To state the case in its most favorable light to the complainants, it appears from the averments and intendments, not permissible to be indulged on demurrer, that the complainants, while owners of the property, executed the mortgage to McCarthy as executor, and subsequently sold the property to Warren, who assumed the payment of the indebtedness represented by the McCarthy mortgage, as a part of the consideration of the conveyance to him. The property was several times subsequently sold, and in each instance a junior mortgage given which recited that such junior mortgage was taken subject to the first mortgage given to McCarthy.

On July 1, 1927, Thornton and wife (who, as we assume, had purchased the property, though this fact is not averred) executed to the defendant a junior mortgage, recognizing therein the existence of the first mortgage given by the complainants. The defendant foreclosed the Thornton mortgage and became the purchaser at the sale, and thereafter purchased the first mortgage from its then owner and made demand on the complainants for the payment of the indebtedness thereby secured.

Whether the defendant purchased the property, assuming the payment of the first mortgage, and thereafter sold the property to Thornton and wife, is not averred in the bill, though this is stated by appellees in their brief and argument.

If these are the true facts of the case,

the defendant by such assumption of the first mortgage debt became primarily liable therefor, and the complainants were liable merely as sureties. Robson v. O'Toole et al., 45 Cal. App. 63, 187 P. 110; People's Sav. Bank of Tallassee v. Jordan, 200 Ala. 500, 76 So. 442; Eppes v. Thompson, 202 Ala. 145, 79 So. 611; Mitchell v. Hickman, 208 Ala. 345, 94 So. 284; White v. Schader et al., 185 Cal. 606, 198 P. 19, 21 A. L. R. 499, and note 504.

And in an action at law by the defendant, on the notes representing the mortgage debt, complainants could plead this assumption of the debt by the defendant in bar of the action. People's Sav. Bank v. Jordan, supra; Mitchell v. Hickman, supra.

Yet in the absence of suit to enforce the collection of the notes, and in the face of a demand by the defendant for the payment accompanied by threats to sue thereon, the complainants may invoke the aid of a court of equity, by bill in the nature of a bill quia timet, to have the notes and mortgage canceled and surrendered, and remove the burden and ·cloud hanging over them as sureties. Segall et al. v. Loeb et al., 218 Ala. 433, 118 So. 633; Tillis v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am. St. Rep. 31, 8 Ann. Cas. 78.

If, however, the defendant did not assume the payment of the debt secured by the first mortgage, though it was assumed by his predecessors in title, the complainants would still be liable on their obligation; and, upon payment of the debt, the complainants, as sureties of those who had assumed its payment, would be entitled to be subrogated to the security afforded by the mortgage and have it enforced against the property (Cullum v. Emanuel & Gaines et al., 1 Ala. 23, 34 Am. Dec. 757; 21 R. C. L. 1106, § 144), but cannot compel the creditor, in the absence of statute, to proceed against the principal or the property and relieve them from liability (Dampskibsaktieselskabet Habil et al. v. United States Fidelity & Guaranty Co., 142 Ala. 363, 39 So. 54; Skinner v. Barney, 19 Ala. 698; Bank of State of Ala. v. Godden & Lowry, 15 Ala. 616).

Some of the grounds of demurrer were well taken, and the court erred in overruling the demurrer.

The bill alleges that the mortgages and some of the conveyances are attached as exhibits to the bill, while the record here merely shows that the exhibits consist of what purports to be an abstract of these conveyances, and are insufficient to advise the court as to the contents of these conveyances.

For the error pointed out, the decree of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.