(133 So. 701)

### MAULITZ v. JONES.[1]

### 6 Div. 779.

Supreme Court of Alabama.
March 12, 1931.

Rehearing Denied April 9, 1931.

**610**

■■■■■■■■■■■■

Nesbit & Sadler, of Birmingham, for appellee.

**THOMAS, J.**

The bill was for foreclosure of mortgage on real property, and the several and successive owners thereof were made parties respondent.

The joinder of necessary and proper parties in the case of successive conveyances of property to bring the whole title before the court has been repeatedly considered, and need not now be restated. 41 C. J. 737, § 789; 27 Cyc. 1351, 1352; Hodge v. Joy, 207 Ala. 198, 92 So. 171; People's Savings Bank v. Jordan, 200 Ala. 500, 76 So. 442; National Surety Co. v. Coleman, 213 Ala. 377, 104 So. 821.

■■ It is further understood that on demurrer the pleading challenged is considered most strongly against the pleader. In the recent case of Whittle v. Clark et al., 219 Ala. 161, 121 So. 530, is the observation that, by the assumption of the mortgage debt, such person becomes primarily liable therefor, and as between the parties—the mortgagor and his grantee—the first obligor becomes liable as surety. Pomeroy on Eq. Jur. § 2106. And such is the relation to the mortgagee when accepted by such mortgagee as debtor. 27 Cyc. 1365 (e); 41 C. J. p. 709, § 744; People's Savings Bank v. Jordan, supra. To like effect are the cases of Eppes v. Thompson, 202 Ala. 145, 79 So. 611; Tennessee Bank v. Sewell, 214 Ala. 362, 107 So. 834; Interstate Land & I. Co. v. Logan, 196 Ala. 196, 72 So. 36.

■■ It is further established that, where a purchaser, having assumed payment of a mortgage, and an extension of time and manner of payment is given by the mortgagee at the instance of such principal or assuming debtor, and the grantor as surety is not a party to such extension agreement, and has not consented thereto or ratified the same, such surety is discharged from liability. Interstate Land & I. Co. v. Logan, supra; 41 C. J. p. 719, § 761; p. 735, § 786; Jones on Mort-

Leader & Ullman and John D. Hill, all of Birmingham, for appellant.

gages, § 742; George v. Andrews, 60 Md. 26, 45 Am. Rep. 706; Paine v. Jones, 76 N. Y. 274; Stowell v. Goodenow, 31 Me. 540; Calvo v. Davies, 73 N. Y. 211, 29 Am. Rep. 130; Riggins v. Brown, 12 Ga. 276; Grangers' Bank of Calif. v. Shuey, 6 Cal. Unrep. Cas. 190, 55 P. 682; Miller v. Stewart, 9 Wheat. 701, 6 L. Ed. 189. We will advert to the rule as to installments.

The relation of the several parties may be thus stated: Appellee Jones (complainant) filed the original bill alleging that on the 26th day of February, 1926, he was the owner of said certain real estate, and on said date conveyed said property to N. C. Maulitz and Bettie E. Norris, and said Maulitz and Norris executed and delivered to the complainant five promissory notes, payable to the order of complainant, to secure the unpaid part of the purchase price, and, to secure said notes and unpaid part of the purchase price, said Maulitz and Norris executed and delivered to the complainant on said date a mortgage on said property; that on the 21st day of August, 1928, Bettie E. Norris conveyed to N. C. Maulitz an undivided one-half interest in the above-described property, and complainant agreed with N. C. Maulitz to divide the indebtedness of said Maulitz and Norris, evidencing the balance due of the purchase-money indebtedness, so that said N. C. Maulitz would owe one-half of said purchase-money indebtedness, and thereupon the said N. C. Maulitz became indebted to the complainant in the sum of $14,000, evidenced by three principal promissory notes dated August 26, 1928, with interest at the rate of 6 per cent. per annum, and payable semiannually, and evidenced by separate interest notes on dates indicated, and, to secure said notes and said unpaid part of the purchase price of said property, Maulitz and wife executed and delivered to the complainant on the 21st day of August, 1928, a mortgage, under the provisions of which in case of default the whole of said indebtedness at once became due and payable, and the mortgage subject to foreclosure. The averment as to this is in the following words:

"That Complainant agreed with the said N. C. Maulitz to divide the indebtedness of the said N. C. Maulitz and Bettie E. Norris evidencing the balance due of the purchase .money indebtedness so that the said N. C. Maulitz would owe one half of said purchase money indebtedness and thereupon the said N. C. Maulitz became indebted to complainant in the sum of Fourteen Thousand ($14,000.00) Dollars, evidenced by three principal promissory notes, Numbers 1 and 2 being for Seventeen Hundred Fifty ($1750.00) Dollars each, and payable February 26, 1929, and February 26, 1930, and principal note Number 3 being for Ten Thousand Five Hundred ($10,-500.00) Dollars, payable February 26, 1931, all of said notes being dated August 26, 1928, with interest at the rate of Six Per Cent. (6 %) per annum, payable semi-annually, and evidenced by separate interest notes."

It is further averred that on, to wit the 22d day of November, 1928, said Maulitz and wife conveyed the property by warranty deed to E. L. Fricks, and by said deed, as a part of the consideration for the conveyance, the said Fricks assumed the payment of that certain mortgage of $14,000 above referred to and payable as indicated in 1930 and 1931; that on the 20th day of February, 1929, Fricks conveyed by warranty deed to A. C. Blankenship, and by said deed, as a part of the consideration thereof, Blankenship assumed the payment of that certain mortgage above referred to from Maulitz and wife to complainant; that on the 1st day of November, 1929, Blankenship reconveyed the land to Fricks, who, on the 13th day of January, 1930, conveyed said property to the Bank of Ensley.

It is then averred: "That on to-wit, the 26th day of February, 1929, said note for $1,-750.00, secured by said mortgage, became due, and by agreement was extended so that its due date was extended to February 26, 1930, and that thereafter said note for $1750.00 was so extended and became due and was not paid at its maturity, and is still due and unpaid."

The complainant prays that, upon final hearing, it be decreed that the mortgage is in default and subject to be foreclosed, that the cause be referred to the register for an accounting, and prays for a deficiency judgment, for a sale of the property, and for general relief.

Appellant, N. C. Maulitz, filed demurrers to the original bill, which were overruled, and from this decree the said N. C. Maulitz appeals.

The question now presented is the effect of an unauthorized extension of time of payment of an installment. The aforementioned averment from the bill does not show on its face and in its context that N. C. Maulitz (appellant) was discharged from full payment by the unauthorized extension of the due date of only one installment payment. See Cohn v. Spitzer, 145 App. Div. 104, 129 N. Y. S. 104; City of New York v. De Marco, 166 App. Div. 35, 151 N. Y. S. 554; Owings v. McKenzie, 133 Mo. 323, 33 S. W. 802, 40 L. R. A. 154; 50 C. J. 135, 136; 32 Cyc. 196. A demurrer that relies upon matter not appearing on the face of the pleading as to the other installment payments is a mere speaking demurrer. The whole of the several transactions and payments as averred, and as affected the immediate parties at interest, is for consideration by the trial court after the coming in of the answer and proof. The

matters of time and foreclosure under the terms of the mortgage and its acceleration clause are rights with which the mortgagee is vested (Bollenbach v. Ludlum, 84 Okl. 14, 201 P. 982; 19 R. C. L. 499), and by him to be exercised within his contract and the law entering therein, and the matter of the extension of time of payment of an installment was only a partial defense as to the party materially and prejudicially affected.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.