166 So. 409

**EWING v. BAY MINETTE LAND CO. et al.**

1 Div. 902.

Supreme Court of Alabama.

Jan. 23, 1936.

Rehearing Denied March 19, 1936.

Smith & Johnston, of Mobile, for appellees.

Harry T. Smith & Caffey, of Mobile, for appellant.

BROWN, Justice (after stating the facts.)

The appellant insists that the facts alleged sustain the equity of the bill, as one to prevent an unwarranted abuse of the power of sale in violation of the trust arising therefrom, by sacrificing the mortgaged property at a mass sale, instead of selling in separate parcels. A sufficient answer to this contention is, that the bill does not aver that the mortgagee is threatening or intends to sell the property en masse, or that the mortgagee has been requested to sell the property in separate parcels or tracts and has refused such request. It is not averred that by a sale of the property in separate parcels it will bring a better price than if sold en masse. We have not overlooked the averment in the bill as last amended, "that if the sale of said lands was *marshalled,* and they were sold in parcels, they would probably sell for materially more than if said prop-

erty was sold in lump, first, because of the scarcity of persons who would be either willing or able to buy the property." This averment, assuming it is sufficiently positive that a sale in parcels would be beneficial to the mortgagor, is coupled with another ill-grounded theory of the bill's equity—the marshaling of assets of the debtor at his instance.

■ To warrant interference by a court of equity with the right of foreclosure, facts must be alleged showing that the mortgagee is perverting the power from its legitimate purpose. Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am.St. Rep. 48; Ballenger et al. v. Price, 219 Ala. 412, 122 So. 628; Glover v. Hembree, 82 Ala. 324, 8 So. 251.

■ Taking, as true, the statement in the advertisement of the sale—"This sale will be made for the purpose of realizing the mortgage debt, together with all expenses of the sale and a reasonable attorney's fee"—it will be assumed, in the absence of positive averments to the contrary, that the mortgagee intends to offer the property for sale in such sort as that it will not be unwarrantedly sacrificed. Moreover, assuming that the several parcels or tracts of land covered by the mortgage are so situated that they can be conveniently sold and conveyed separately, or that the land has been laid off in parcels for separate and distinct enjoyment, if the mortgagee abuses the power of sale and sacrifices the property by a sale en masse, the mortgagor has his remedy in equity. Dozier v. Farrior et al., 187 Ala. 181, 65 So. 364; Mahone v. Williams, 39 Ala. 202; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

■ Appellant's second contention is, that the mortgagor, by conveying a part of the mortgaged property to the Bay Minette Land Company in consideration, in part, of the assumption of the mortgage debt to the bank, the land company became the principal debtor and the mortgagor the surety, and as such he had the right, in equity, to compel the mortgagee, in foreclosing its mortgage, to first exhaust the property conveyed to the land company before selling the property retained or previously conveyed by the mortgagor. That the authorities cited by the appellant (and noted hereunder) to sustain this contention establish the principle, that in such circumstances the relation of principal and surety is created as between the mortgagor and his grantee, and that the mortgagor is the surety, is without question. 2 Pomeroy Eq.Jurisdiction, 797, dealing with the doctrine of merger.

Interstate Land & Investment Co. v. Logan, 196 Ala. 196, 72 So. 36, a bill by a grantee of the mortgagor to enforce the right of exoneration to the extent that the mortgagee had released the mortgaged property without consideration from the operation of the mortgage, and was seeking to enforce the entire debt against the complainant's property.

Maulitz v. Jones, 222 Ala. 609, 133 So. 701, a bill by the mortgagee and those interested with him to foreclose the mortgage. In this case it was held, in the circumstances above stated, that as between the mortgagor and his grantee the relation of principal and surety was created, and when the mortgagee accepts "the relationship" he cannot extend the time of payment without the mortgagor's consent, without releasing the mortgagor from liability for the debt.

The Farmers' Savings & Building & Loan Association v. Kent & Sabotka, 117 Ala. 624, 23 So. 757, was a bill filed by a grantee of the mortgagor, as to part of the property; no mention of the mortgage being made in the conveyance which was with warranties, and the bill averred that the mortgagor claimed payment of the mortgage debt. The bill sought an accounting and to compel the sale of the lands in the inverse order of their alienation by the mortgagor, and to first exhaust that retained by the mortgagor.

Whittle v. Clark et al., 219 Ala. 161, 162, 121 So. 530, 531, was a bill filed by the mortgagors who had conveyed the mortgaged property to one who had assumed the payment of the mortgage debt against one who had acquired the property at the foreclosure of a second mortgage and thereafter procured a transfer of the mortgage, and demanded its payment by complainants. The principle of law now asserted was applied as follows in that case:

"Whether the defendant purchased the property, assuming the payment of the first mortgage, and thereafter sold the property to Thornton and wife, is not averred in the bill, though this is stated by appellees in their brief and argument.

"If these are the true facts of the case, the defendant by such assumption of the first mortgage debt became primarily liable

therefor, and the complainants were liable merely as sureties. Robson v. O'Toole et al., 45 Cal.App. 63, 187 P. 110; People's Sav. Bank of Tallassee v. Jordan, 200 Ala. 500, 76 So. 442; Eppes v. Thompson, 202 Ala. 145, 79 So. 611; Mitchell v. Hickman, 208 Ala. [344] 345, 94 So. 284; White v. Schader et al., 185 Cal. 606, 198 P. 19, 21 A.L.R. 499, and note 504.

"And in an action at law by the defendant, on the notes representing the mortgage debt, complainants could plead this assumption of the debt by the defendant in bar of the action. People's Sav. Bank v. Jordan, supra; Mitchell v. Hickman, supra.

"Yet in the absence of suit to enforce the collection of the notes, and in the face of a demand by the defendant for the payment accompanied by threats to sue thereon, the complainants may invoke the aid of a court of equity, by bill in the nature of a bill quia timet, to have the notes and mortgage canceled and surrendered, and remove the burden and cloud hanging over them as sureties. Segall et al. v. Loeb et al. [218 Ala. 433] 118 So. 633; Tillis v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am.St.Rep. 31, 8 Ann.Cas. 78.

"If, however, the defendant did not assume the payment of the debt secured by the first mortgage, though it was assumed by his predecessors in title, the complainants would still be liable on their obligation; and, upon payment of the debt, the complainants, as sureties of those who had assumed its payment, would be entitled to be subrogated to the security afforded by the mortgage and have it enforced against the property (Cullum v. Emanuel & Gaines et al., 1 Ala. 23, 34 Am.Dec. 757; 21 R.C.L. 1106, § 144), but cannot compel the creditor, in the absence of statute, to proceed against the principal or the property and relieve them from liability (Dampskibsaktieselskabet Habil et al. v. United States Fidelity & Guaranty Co., 142 Ala. 363, 39 So. 54; Skinner v. Barney, 19 Ala. 698; Bank of State of Alabama v. Godden & Lowry, 15 Ala. 616)."

In Rogers et ux. v. Piland, 178 N.C. 70, 100 S.E. 181, the mortgagee had refused the offer of the mortgagor to pay the interest, and demanded payment of the entire debt not due, and sought to foreclose.

In Dedrick et al. v. Den Bleyker, 85 Mich. 475, 48 N.W. 633, the mortgagee at the instance of the mortgagors' grantee who had assumed the debt, extended the time of payment without the mortgagors' consent, for twenty years. In such circumstances the court held that the mortgagors were released from liability.

2 Wiltsie on Mortgage Foreclosure, Fourth Edition, § 864, merely states the general principle that "Where it is *inequitable and wrongful* that a mortgagee should sell the property under a power of sale contained in the instrument, an injunction restraining such sale may be granted on the application of the mortgagor or of any other person interested in preventing the sale." (Italics supplied.)

These authorities fall far short of justifying the application of that principle to the facts alleged in the bill. To state the proposition in other words, the averments of the bill fall far short of showing that the mortgagee is proceeding "inequitably and wrongfully."

In the circumstances alleged in the bill, either the mortgagor or his grantee, the land company, who had assumed the debt, had the right to pay the interest on the loan, and the mortgagee could not refuse to accept such payment. But the fact that the mortgagee had knowledge of the relation and accepted payment of interest from the land company did not destroy the right of the mortgagee to assert that both the principal and surety were primarily liable, and proceed against them jointly or severally at its election. Code 1923, § 9543; Tennessee Valley Bank et al. v. Sewell, 214 Ala. 362, 107 So. 834; Whittle v. Clark et al., 219 Ala. 161, 121 So. 530, 531.

In the case last cited (Whittle v. Clark et al.), it was held that the mortgagors could not "compel the creditor, in the absence of statute, to proceed against the principal or the property and relieve them [the mortgagors] from liability."

The appellant's third and last contention is, that the facts stated give the bill equity as one to compel a marshaling of the property, and compel the mortgagee to sell it in the inverse order of its alienation by the mortgagor.

The doctrine of marshaling assets is "the creature of equity—called into exercise by, and for the benefit of the creditor who is to be profited by it." Turner v. Flinn et al., 67 Ala. 529, 532; Central Lumber Co. v. Jacks et al., 222 Ala. 475, 132 So. 721; 5 Pom.Eq.Juris. page 5083, § 2291. Neither this doctrine nor the stat-

ute, section 7831, Code 1923, dealing with Executions and Judgments, which provides, "When property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation," can be brought to the aid of the mortgagor, the original debtor, and primarily liable for the debt as surety. The statute merely applies the equitable doctrine of marshaling assets to sales under execution to the benefit of purchasers, not debtors.

Our conclusion, therefore, is, taking the averments of the bill as true, it is without equity, and the demurrer for want of equity, was well sustained.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.