UNITED STATES of America, Plaintiff,

v.

Robert L. GLASS, Christine M. Glass, Andrew Benjamin Crane and Bonnie J. Crane, jointly and individually, Defendants.

Civ. A. No. 5166-68.

United States District Court
S. D. Alabama, S. D.
April 10, 1969.

Broward Segrest, Asst. U. S. Atty., Mobile, Ala., for plaintiff.

Maurice A. Downing, Mobile, Ala., for defendants Glass.

Jerry A. McDowell, Mobile, Ala., for defendants Crane.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PITTMAN, District Judge.

This matter comes before the court on plaintiff's motion for a summary judgment against defendants Robert L. Glass and Christine M. Glass. This motion was filed January 30, 1969, and taken under submission without argument at the court's regularly scheduled motion docket on February 28, 1969.

The undisputed facts necessary to the determination of this motion are as follows:

On December 1, 1960, the defendants Robert L. Glass and Christine M. Glass, executed and delivered a promissory note payable to Sumner G. Whittier as Administrator of Veterans Affairs in the sum of $13,400 with interest thereon at the rate of 5½% per annum until paid, being payable in monthly installments of $76.10. The note was endorsed to the Williamsburg Savings Bank which thereafter for a valuable consideration endorsed said note, without recourse, to the Administrator of Veterans Affairs.

The defendants agreed in said note that if any deficiency in the payment of any installment thereof is not made good prior to the due date of the next such installment, the holder of the note may, without notice, exercise the option of declaring the remainder of the debt as due and payable.

On July 27, 1962, Andrew Benjamin Crane and Bonnie J. Crane assumed the indebtedness of Robert L. Glass and Christine M. Glass.

Andrew Benjamin Crane and Bonnie J. Crane defaulted in payment of the monthly installment due on November 1, 1964, and on June 21, 1965, the property which was the subject of the mortgage note was foreclosed, and as a result thereof, the Veterans Administration incurred a loss in the amount of $1,711.34, plus interest, from July 1, 1965.

The defense relied upon is that defendants Robert L. Glass and Christine M. Glass are not liable under said note because the same was assumed by Andrew Benjamin Crane and Bonnie J. Crane and that said sale and assumption were acted upon by the Veterans Administration of the United States and that by their acquiescence and participation have relinquished all rights and claims that they may have against the defendants, Robert L. Glass and Christine M. Glass.

There is no allegation of an oral or written agreement of novation; the defense as stated is without legal merit. Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809; Tennessee Valley Bank v. Sewell, 214 Ala. 362, 107 So. 834; Peoples Savings Bank of Tallassee v. Jordan, 200 Ala. 500, 76 So. 442; Ewing v. Bay Minette Land Company, 232 Ala. 22, 166 So. 409.

The purpose of Rule 56 of the Federal Rules of Civil Procedure is to dispose of cases in which there is no genuine issue of any material fact, even though an issue may be raised by the pleadings. On this showing the plaintiff has established by undisputed evidence the averments of the complaint but the undisputed facts do not establish a valid defense.

The plaintiff is therefore entitled to a summary judgment in its favor.

It is therefore ordered, adjudged and decreed, and there is hereby entered a judgment for the plaintiff and against

the defendants in the amount of $1,972.-60, computed as follows:

| | |
|---|---|
| $1,711.34 | Principal to June 30, 1965 |
| 1.90 | Unpaid Interest Accruing to June 30, 1965 |
| 205.36 | Interest at 4% Per Annum from July 1, 1965 to July 1, 1968 |
| 54.00 | Interest at 4% Per Annum from July 1, 1968 to April 10, 1969 |

$1,972.60

Costs are taxed against the defendant.