This is a petition for a writ of mandamus regarding a transfer of the instant case from the Circuit Court of Baldwin County to the Circuit Court of Jefferson County. This suit involves a claim against a surety on a contractor's performance bond; the case was transferred essentially because the principal on the bond had previously filed an action in Jefferson County arising out of the same contract.
The Water Works Board of the Town of Gulf Shores filed the instant complaint on April 30, 1986, against The Travelers Indemnity Company as surety on a contract bond whereby Travelers and Harmon Contracting Company, Inc., bound themselves to the faithful performance of a contract between Harmon and the Water Works Board. This complaint also named as a defendant Perry Hand and Associates, Inc., the engineer supervising performance by Harmon for the Water Works Board. Hand declared Harmon in default on the contract on March 17, 1986.
On or about February 17, 1986, Harmon had filed an action in Jefferson County against the Water Works Board, Hand, and three of Harmon's suppliers. Travelers takes the position that the Jefferson County Circuit Court thereby acquired exclusive jurisdiction of the dispute and, thus, that the Water Works Board should have instituted the instant action as a counterclaim in Harmon's action. As Travelers states in its summary of its argument, "Since the identity of the surety (Travelers) and its principal (Harmon) are interchangeable for purposes of the dispute between the Board and Harmon, the fact that Harmon was not named as a defendant in the second action is irrelevant."
We note initially that Travelers' motion in the Baldwin County Circuit Court sought as relief alternatively a dismissal, a transfer, or a stay of the instant action, and that the circuit court granted relief in the form of a transfer. A transfer is the appropriate relief for improper venue. Ex parte Parker, 413 So.2d 1105 (Ala. 1982); Rule 82(d), A.R.Civ.P. Venue of this action was indisputably proper in Baldwin County, because both Travelers and Hand do business by agent in Baldwin County. Code 1975, § 6-3-7. A transfer is not authorized except for improper venue. Exparte Maness, 386 So.2d 429 (Ala. 1980); MedicalService Admin. v. Dickerson, 362 So.2d 906 (Ala. 1978). *Page 244 
The Water Works Board correctly points out that it may proceed against the surety on the bond without first exhausting its remedies against the principal. Alabama Bank TrustCo. v. Garner, 225 Ala. 269, 142 So. 568 (1932);Dampskibsak-tieselskabet Habil v. United States Fid. Guar. Co., 142 Ala. 363, 39 So. 54 (1904); Abercrombiev. Knox, 3 Ala. 729 (1843); see Fidelity Cas. Co. ofNew York v. DeLoach, 280 Ala. 497, 195 So.2d 789 (1967);Ewing v. Bay Minette Land Co., 232 Ala. 22,166 So. 409 (1936).
Because Travelers was not a party to Harmon's Jefferson County suit, the Water Works Board's claim against Travelers is not a compulsory counterclaim to be filed in Harmon's suit.Corona v. Southern Guaranty Ins. Co., 294 Ala. 184,314 So.2d 61 (1975); Smith v. Charles E. Jay Co.,292 Ala. 513, 296 So.2d 885 (1974).
Mandamus is the appropriate remedy where a trial court has improperly transferred a cause. Ex parte Joiner,486 So.2d 402 (Ala. 1986); Ex parte City of Huntsville HospitalBd., 366 So.2d 684 (Ala. 1978). Venue being proper in Baldwin County, the circuit court erred in transferring the cause and, therefore, the writ of mandamus is due to issue.
WRIT GRANTED.
MADDOX, BEATTY, HOUSTON and STEAGALL, JJ., concur.